Appeal of B. B. DAVIS & CO., INC.            Docket No. 379.

> The Board is without jurisdiction to hear and determine an appeal in which the petition was filed on the sixty-first day after mailing of statutory deficiency letter, even though the sixtieth day thereafter fell on a Sunday. (*Satovsky's Appeal*, 1 B. T. A. 22, cited and approved.)

Submitted January 17, 1925; decided February 13, 1925.

*Simon F. Fleishman, Esq.*, for the taxpayer.

*John D. Foley, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before IVINS, KORNER, and MARQUETTE.

KORNER: This appeal came on for hearing on a motion filed by the Commissioner to dismiss the petition for the reason that it appeared from the face of the petition that the appeal was not filed within 60 days from the date of mailing of the statutory deficiency letter by the Commissioner. The taxpayer filed a motion for leave to amend its petition so as to allege that the taxpayer is unable to state on what date the deficiency letter was actually mailed. The taxpayer's motion was allowed and its petition was amended accordingly.

Thereupon, in support of his motion, the Commissioner offered proof of the registry and mailing of the deficiency letter on August 13, 1924. The proof so offered established the fact that the deficiency letter was actually mailed on that date.

The petition of the taxpayer was filed on October 13, 1924, which day fell upon a Monday which was the sixty-first day following August 13, 1924. The sixtieth day, October 12, 1924, being a Sunday, the taxpayer argued that, if the office of the Board had been open on that day, the taxpayer's petition would have been received on that day and filed within the statutory period for filing appeals. Although no proof was offered as to this latter fact, its establishment could not affect our determination of this issue in view of the decision of this Board in *Satovsky's Appeal*, 1 B. T. A. 22, which is controlling on this point.

The taxpayer insisted that the decision in that case works an injustice on the taxpayer in that it, in effect, limits its period for appeal to 59 days. The reasons for our decision in that case are fully set out in the opinion therein and our attention has been called to no authorities which convince us of error in that decision. If, as argued by counsel for the taxpayer, the statute imposes an undue hardship on the taxpayer in this particular, it is apparent that his relief must be at the hands of Congress.

The motion of the Commissioner is allowed and the appeal dismissed.