# United States Tax Court

159 T.C. No. 6

HALLMARK RESEARCH COLLECTIVE,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————

Docket No. 21284-21.                                      Filed November 29, 2022.

————

The Tax Court previously ordered dismissal of this deficiency case for lack of jurisdiction because P's Petition was filed late, for purposes of I.R.C. § 6213(a)—i.e., not 90 but 91 days after the IRS mailed its notice of deficiency. After the Supreme Court decided *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022), P moved to vacate our dismissal on the grounds that the deadline to file a deficiency case is a non-jurisdictional statute of limitations subject to equitable tolling. P requests that this case be reopened to give P an opportunity to show cause for equitable tolling of the limitations period.

*Held*: The "text, context, and relevant historical treatment", *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010), of I.R.C. § 6213(a) confirm Congress's intention that the deadline to file a deficiency case be jurisdictional.

*Held, further*, because the deadline of I.R.C. § 6213(a) is jurisdictional, it cannot be equitably tolled.

*Held, further*, this case was properly dismissed for lack of jurisdiction, and we will not vacate the dismissal.

————

*Christopher Reed Haunschild* and *James Brooks Mann*, for petitioner.

*Yervant P. Hagopian*, *Whitney N. Moore Warren*, and *Michael K. Park*, for respondent.

## OPINION

GUSTAFSON, *Judge*: Before the Court is "Petitioner's Motion to Vacate Order of Dismissal for Lack of Jurisdiction", in which Hallmark Research Collective ("Hallmark") cites the Supreme Court's recent decision in *Boechler, P.C. v. Commissioner*, 142 S. Ct. 1493 (2022), and asks us to vacate our order of dismissal because it wrongly treats the 90-day[1] deadline of section 6213(a)[2] as jurisdictional. The issue for decision is whether section 6213(a) limits the Tax Court's jurisdiction to deficiency petitions filed on or before that deadline. We hold that the timely filing of a deficiency petition is a jurisdictional requirement, and we will accordingly deny Hallmark's motion to vacate.

### *Background*

#### *Hallmark Research Collective*

Hallmark is evidently a corporation with its principal place of business in California.[3] Hallmark filed its 2015 return untimely, and it did not file its 2016 return. Pursuant to section 6020(b), the Internal Revenue Service ("IRS") prepared for 2016 a substitute for return.

Pursuant to section 6212, the IRS sent a statutory notice of deficiency ("NOD") to Hallmark's last known address, by certified mail,

---

[1] The filing deadline is 90 days for Hallmark and most other taxpayers and is 150 days when the deficiency notice is addressed to a taxpayer outside the United States. In this opinion we use the phrase "90-day deadline" as shorthand.

[2] Unless otherwise indicated, statutory references are to the Internal Revenue Code ("the Code", Title 26 of the United States Code) as in effect at the relevant times; and references to Rules are to the Tax Court Rules of Practice and Procedure. A citation of a "Doc." in this Opinion refers to a document so numbered in the Tax Court docket record of this case, and a pinpoint citation therein refers to the pagination as generated in the PDF file.

[3] Hallmark has a California address and states in its memorandum that "its principal place of business [is] in the Ninth Circuit", and the Commissioner does not say otherwise. Thus, venue for an appeal in this case would evidently be the U.S. Court of Appeals for the Ninth Circuit. *See* § 7482(b).

on June 3, 2021. The NOD determined deficiencies, additions to tax, and penalties against Hallmark for the years 2015 and 2016 and further advised Hallmark of the following:

**If you disagree with the Notice of Deficiency**

If you want to contest our final determination, you have 90 days from the date of this letter (150 days if addressed to you outside of the United States) to file a petition with the United States Tax Court.

**How to file your petition**

You can get a petition form and the rules for filing from the Tax Court's website at www.ustaxcourt.gov, by contacting the Office of the Clerk at the address below, or by calling 202-521-0700. Send your completed petition form, a copy of this letter, and copies of all statements and schedules you received with this letter to the address below.

> United States Tax Court
> 400 Second Street, NW
> Washington, DC 20217

. . . .

**Time limits on filing a petition**

The court can't consider your case if you file the petition late.

- A petition is considered timely filed if the Tax Court receives it within:
  - 90 days from the date this letter was mailed to you, or
  - 150 days from the date this letter was mailed to you if this letter is addressed to you outside of the United States.
- A petition is also generally considered timely if the United States Postal Service postmark date is within the 90 or 150-day period and the envelope containing the petition is properly addressed with

the correct postage. The postmark rule doesn't apply if mailed from a foreign country.

. . . .

- The time you have to file a petition with the Tax Court is set by law and can't be extended or suspended, even for reasonable cause. We can't change the allowable time for filing a petition with the Tax Court.

. . . .

**If we don't hear from you**

If you . . . don't file a timely petition with the Tax Court, we'll assess and bill you for the deficiency (and applicable penalties and interest) after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

The NOD included on its front page the caption:

Last day to file petition with US tax court:
SEP 01 2021

*Hallmark's petition*

Using the "e-filing" procedure provided on the Tax Court's website, Hallmark electronically filed its petition for redetermination of the deficiencies at 9:36 p.m. on September 2, 2021—one day late. In its petition Hallmark stated: "My CPA . . . contracted COVID/DELTA over the last 40 days and kindly requests additional time to respond." For purposes of this Opinion, we assume that Hallmark was not to blame for the late filing and that equitable considerations, if taken into account, might excuse the untimeliness.

*Order to Show Cause and the parties' responses*

On November 17, 2021, we issued an Order to Show Cause (Doc. 6), wherein we

ORDERED that, on or before December 15, 2021, petitioner and respondent each shall file a response to this

Order, showing cause, in writing, why the Court, on its own motion, should not dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed.

Hallmark filed its response, in which it requested that we defer ruling until the Supreme Court issued its decision in *Boechler* (in which the Court had granted a petition for a writ of certiorari). Hallmark argued that the deadline to file a deficiency petition in section 6213(a) "is functionally the same as the deadline[] in [section] 6330(d)(1) (at issue in *Boechler* . . .)". Hallmark further argued that its "circumstances are compelling and an objective review would clearly result in equitable tolling of the filing deadline for the single day required."

In his response the Commissioner asserted that "there is no cause as to why the Court should not, on its own motion, dismiss this case for lack of jurisdiction on the ground that the petition was not timely filed."

*Order of dismissal for lack of jurisdiction*

We did not defer ruling. On April 1, 2022, we entered an Order of Dismissal for Lack of Jurisdiction (Doc. 18), in which we followed longstanding precedent, held that the 90-day deadline of section 6213(a) for deficiency cases is jurisdictional, and dismissed Hallmark's deficiency petition for lack of jurisdiction.

*Boechler, P.C. v. Commissioner*

On April 21, 2022, the Supreme Court issued its opinion in *Boechler*, holding that "[s]ection 6330(d)(1)'s 30-day time limit to file a petition for review of a collection due process determination is an ordinary, nonjurisdictional deadline subject to equitable tolling." *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1501.

*Hallmark's motion to vacate our order of dismissal*

On May 2, 2022, Hallmark timely filed its motion to vacate (Doc. 21) and its memorandum of law in support thereof (Doc. 22). The motion principally argues that

the [Supreme] Court's reasoning in *Boechler* compels the conclusion that the 90-day filing deadline in section 6213(a) for deficiency cases is not jurisdictional, and thus is subject to equitable tolling. This Court should . . . apply[] the *Boechler* analysis to the filing deadline set forth in

section 6213([a]), vacat[e] the Order, and request[] submissions from Petitioner and Respondent concerning the potential application of equitable tolling to the facts surrounding Petitioner's submission.

The Commissioner filed his response (Doc. 29) on June 22, 2022, and Hallmark filed its reply (Doc. 31) on July 15, 2022.

*Discussion*

As we and other courts have often held: "It is well settled that in order to maintain an action in this Court there must be [1] a valid notice of deficiency [issued by the Commissioner] and [2] a timely filed petition". *Abeles v. Commissioner*, 91 T.C. 1019, 1025 (1988).[4] Hallmark argues that two jurisdictional prerequisites[5] for a deficiency case are at least one too many. Hallmark contends we should not follow prior precedents holding the 90-day deadline to be jurisdictional, because "*Boechler* undercut the theory and reasoning underlying" those precedents, so that "[t]he cases are now clearly irreconcilable", and that "efficient and harmonious judicial administration here would seem to require this Court to review the Supreme Court's *Boechler* opinion and issue a new precedent on the section 6213(a) filing deadline." We now undertake such a review, and we conclude that the Supreme Court's reasoning in *Boechler* does not apply to the 90-day deadline of section 6213(a).

---

[4] *See, e.g.*, *Elings v. Commissioner*, 324 F.3d 1110, 1112 (9th Cir. 2003) ("The tax court has jurisdiction only if two requirements are met: (1) the IRS issued a valid notice of deficiency, and (2) the [taxpayer] filed a timely petition"); *Portillo v. Commissioner*, 932 F.2d 1128, 1132 (5th Cir. 1991) ("Therefore, the Tax Court only has jurisdiction when the Commissioner issues a valid deficiency notice and the taxpayer files a timely petition for redetermination"), *aff'g in part*, *rev'g in part* T.C. Memo. 1990-68; *Commissioner v. Rosenheim*, 132 F.2d 677, 679–80 (3d Cir. 1942) ("The sending of the appropriate notice in this case by registered mail and the transferee's petition for a redetermination of the liability within ninety days of the date of the notice supplied the requirements of Section 272(a) [predecessor to section 6213(a)] so far as the Board's jurisdiction to hear and determine the matter was concerned"), *rev'g and remanding on other grounds* 45 B.T.A. 1018 (1941).

[5] In contrast, for tax refund suits one can count five jurisdictional prerequisites: (1) full payment of the tax, *see Flora v. United States*, 362 U.S. 145 (1960); (2) a proper administrative refund claim, *see* § 7422(a); (3) a timely administrative refund claim, *see* § 6511; (4) disallowance of the claim, or the passage of 6 months, *see* § 6532; and (5) the timely filing of the refund suit, *see* § 6532.

I.  *The Supreme Court has articulated a "clear statement" standard for discerning jurisdictional rules.*

A.  *"Jurisdictional" rules are different from "claim-processing" rules.*

Where a federal court's subject-matter jurisdiction depends on a timely filing, "a litigant's failure to comply with the bar deprives a court of all authority to hear a case". *United States v. Kwai Fun Wong*, 575 U.S. 402, 408–09 (2015). Courts must enforce the deadline sua sponte; the deadline cannot be tolled or waived; and there is no room for equitable exceptions to be made on account of the specific facts of a case. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Late-filed cases in such instances must be dismissed for lack of jurisdiction. *Id.*

Claim-processing rules, on the other hand, are those that "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times", *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 435 (2011), "but do not deprive a court of authority to hear a case", *Kwai Fun Wong*, 575 U.S. at 410. "Filing deadlines . . . are quintessential claim-processing rules", *Henderson*, 562 U.S. at 435, and "ordinarily are not jurisdictional", *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 154 (2013). This is true "even when the time limit is important . . . and even when it is framed in mandatory terms". *Kwai Fun Wong*, 575 U.S. at 410. Deadlines that are claim-processing rules are subject to the rebuttable presumption that they may be equitably tolled upon the particular facts of a case. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 95–96 (1990). *But see id.* at 96 ("Because the time limits imposed by Congress in a suit against the Government involve a waiver of sovereign immunity, it is evident that no more favorable tolling doctrine may be employed against the Government than is employed in suits between private litigants. . . . But the principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect"). A litigant's failure to meet the deadline risks dismissal for failure to state a claim, *see Arbaugh*, 546 U.S. at 511–13, but the statute of limitations defense must be raised in the answer (or amended answer); otherwise, the issue is waived, and the case may proceed, *see Kontrick v. Ryan*, 540 U.S. 443, 459 (2004).

Perceiving a problem with "drive-by jurisdictional rulings", *see Arbaugh*, 546 U.S. at 511 (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 91 (1998)), the Supreme Court has endeavored to "bring

some discipline" to the use of the jurisdictional label, *see Henderson*, 562 U.S. at 435. The Court has instructed that "[c]larity would be facilitated if courts and litigants used the label 'jurisdictional' not for claim-processing rules, but only for prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority." *Kontrick*, 540 U.S. at 455.

B. *For a deadline to be considered jurisdictional, an analysis employing the principles of statutory construction must show that the rule "clearly states" it is jurisdictional.*

"Only Congress may determine a lower federal court's subject-matter jurisdiction." *Id.* at 452 (citing U.S. Const. art. III, § 1). "Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them." *Bowles v. Russell*, 551 U.S. 205, 212–13 (2007). "Congress is free to attach the conditions that go with the jurisdictional label to . . . a claim-processing rule", *Henderson*, 562 U.S. at 435, and "it is no less 'jurisdictional' when Congress prohibits federal courts from adjudicating an otherwise legitimate 'class of cases' after a certain period has elapsed", *Bowles*, 551 U.S. at 213.

However, Congress must "clearly state[]" that a filing deadline is jurisdictional; and absent such a clear statement, "courts should treat the restriction as nonjurisdictional in character." *Arbaugh*, 546 U.S. at 515–16. "Congress must do something special, beyond setting an exception-free deadline, to tag a statute of limitations as jurisdictional and so prohibit a court from tolling it." *Kwai Fun Wong*, 575 U.S. at 410. Congress "need not use magic words", *Henderson*, 562 U.S. at 436, and a statutory deadline may be jurisdictional even without the word "jurisdiction", *see, e.g.*, *Bowles*, 551 U.S. at 208–10 (holding 28 U.S.C. § 2107(a) and (c) to be jurisdictional); *United States v. Brockamp*, 519 U.S. 347, 350–51 (1997) (holding section 6511 to be jurisdictional); but the "traditional tools of statutory construction must plainly show that Congress imbued a procedural bar with jurisdictional consequences", *Kwai Fun Wong*, 575 U.S. at 410.

"To determine whether Congress has made the necessary clear statement, we examine the 'text, context, and relevant historical treatment' of the provision at issue." *Musacchio v. United States*, 577 U.S. 237, 246 (2016) (quoting *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 166 (2010)). Statutes that meet this standard share several

qualities: They speak of a court's power "in jurisdictional terms or refer in any way to the jurisdiction" of the court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393–94 (1982). They "define a federal court's jurisdiction . . . , address its authority to hear untimely suits, [and] cabin its usual equitable powers." *Kwai Fun Wong*, 575 U.S. at 411. Their context, such as placement within their statutory regime, history of reenactments, or a long-standing judicial interpretation, reflects that Congress imbued a deadline with "jurisdictional consequences". *See, e.g.*, *Kwai Fun Wong*, 575 U.S. at 410; *Henderson*, 562 U.S. at 439; *Bowles*, 551 U.S. at 209–13; *Zipes*, 455 U.S. at 394.

With these principles in mind, we now examine the 90-day deadline that Congress provided in section 6213(a).

II.  *Section 6213(a) clearly states that its 90-day deadline for filing a deficiency case is jurisdictional.*

A.  *The Tax Court is the exclusive forum for deficiency cases.*

1.  *Deficiency procedures defer assessment of income tax.*

The Constitution confers on Congress the "Power To lay and collect Taxes, Duties, Imposts and Excises". U.S. Const. art. I, § 8, cl. 1. The Sixteenth Amendment to the Constitution, ratified in 1913, authorizes Congress to impose a federal income tax without apportionment among the States. Congress promptly enacted the Revenue Act of 1913, ch. 16, 38 Stat. 114. Under our income tax system, taxpayers are required to file annual returns reporting their income and claiming entitlement to certain deductions and credits enumerated in the Code. §§ 6001, 6012. The IRS is authorized to examine those returns, § 7602, and to determine that additional tax may be owed, § 6212. Any additional tax determined to be owed that is greater than the amount shown by the taxpayer on his return is referred to as the "deficiency". § 6211.

Before the IRS may forcibly collect the deficiency, it must first "assess" that deficiency[6] by recording the liability on the Treasury's tax rolls, *see* § 6203, and then the IRS may make notice and demand, *see* § 6303, and collect by lien or levy, *see* §§ 6321, 6331. To protect the rights of taxpayers, Congress has established deficiency proceedings as a remedy for challenging the IRS's determination before the tax is

---

[6] Not relevant here is the Government's filing a collection suit, under section 7403(a), "without assessment". § 6501(a).

collected. This pre-payment remedy is not required by the Constitution. Rather, the minimum requirements of constitutional due process are satisfied by the taxpayer's right to sue for a refund of overpaid tax after paying it. *Phillips v. Commissioner*, 283 U.S. 589, 595–99 (1931). But Congress created an additional remedy, in the predecessor to section 6213(a), by which a taxpayer may seek de novo pre-payment review of a determination by the IRS that he is liable for a deficiency in tax. Congress created the Tax Court's predecessor, the Board of Tax Appeals, specifically to give taxpayers this opportunity. Deficiency jurisdiction is the principal purpose for this Court's existence.

Under the deficiency procedures that Congress established, specific steps must be taken before the IRS may assess a deficiency. *See generally* §§ 6211–6216. First, the IRS must notify the taxpayer that a deficiency has been determined against him for a particular year. § 6212. Second, the taxpayer has an opportunity to challenge the IRS's deficiency determination. In 1919 Congress authorized the Commissioner to establish rules and procedures for taxpayers to make an administrative appeal of a deficiency determination, *see* Revenue Act of 1918, ch. 18, § 228, 40 Stat. 1057, 1075; and in 1921 Congress established the administrative deficiency appeal procedures by statute, *see* Revenue Act of 1921, ch. 136, § 250(d), 42 Stat. 227, 266.

2. *Pre-assessment judicial review of IRS deficiency determinations is assigned to the Tax Court.*

Congress was soon unsatisfied with a lone administrative remedy for pre-payment review of deficiency determinations, and in the Revenue Act of 1924, ch. 234, § 900, 43 Stat. 253, 336, it established the Board of Tax Appeals ("BTA") as an independent executive agency to be the unique forum for hearing and resolving deficiency disputes. In 1942 Congress renamed the BTA the Tax Court of the United States ("TCUS"), but Congress left the TCUS as an independent agency within the executive branch. Revenue Act of 1942, ch. 619, § 504, 56 Stat. 798, 957. Then in 1969 Congress "established, under article I of the Constitution of the United States, a court of record to be known as the United States Tax Court." Tax Reform Act of 1969, Pub. L. No. 91-172, § 951, 83 Stat. 487, 730 (codified as amended at § 7441).[7] Congress intentionally designed the Tax Court, like its predecessors the BTA and the TCUS, to be the exclusive forum for pre-payment review of

---

[7] As amended in 2015, section 7441 adds: "The Tax Court is not an agency of, and shall be independent of, the executive branch of the Government."

deficiencies.  The effect of a "decision of the Tax Court which has become final" is that the redetermined deficiency "shall be assessed and shall be paid upon notice and demand".  § 6215(a).

B.  *Section 6213(a) is the jurisdictional grant to the Tax Court for deficiency cases.*

The Tax Court may exercise jurisdiction only to the extent expressly provided by statute. *Breman v. Commissioner*, 66 T.C. 61, 66 (1976).

1.  *A general description of the Tax Court's jurisdiction appears in section 7442.*

Congress has described the jurisdiction of the Tax Court in section 7442, which provides:

Sec. 7442. Jurisdiction.

The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title, by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10-87), or by laws enacted subsequent to February 26, 1926.

A careful reading of section 7442 shows that it does not itself confer jurisdiction but states the truism that the Tax Court "shall have such jurisdiction" as is "conferred" by other provisions elsewhere in the Code and other revenue laws.  In the absence of any other such provisions, section 7442 by itself would not vest the Tax Court with any jurisdiction; and in the absence of section 7442, the Tax Court would nonetheless possess the jurisdiction that had been "conferred on [it] by this title".

This general jurisdictional description in section 7442 has its origin in an equivalent provision enacted in 1926.  Section 1000 of the Revenue Act of 1926, ch. 27, 44 Stat. 9, 105, added section 904 to the Revenue Act of 1924; and section 904 provided: "The Board and its divisions shall have such jurisdiction as is conferred on them by Title II [income tax] and Title III [estate tax] of the Revenue Act of 1926 or by subsequent laws."  When the BTA was first established, the Revenue Act of 1924 made no mention of the BTA's "jurisdiction".  Rather, section 900(e), 43 Stat. at 337, provided that "[t]he Board and its divisions shall hear and determine appeals filed under sections 274, 279, 308, and 312",

and section 274(a), 43 Stat. at 297 (the predecessor statute of section 6213(a)), provided that "[w]ithin 60 days after such notice [of deficiency] is mailed the taxpayer may file an appeal with the Board of Tax Appeals". Two years later the general provision addressing "jurisdiction" was enacted as section 904 (now section 7442) and thus clarified what had already been true: Congress gave the BTA jurisdiction over deficiency cases not by announcing that the Board of Tax Appeals shall have "jurisdiction" over deficiency cases but simply by providing in section 274(a) that "the taxpayer may file" a deficiency case "with the Board of Tax Appeals" and providing in section 900(e) that "the Board . . . shall hear" those deficiency cases.

The current general description in section 7442 thus confirms for the Tax Court (as former section 904 confirmed for the BTA) that the Court does have "jurisdiction" as is elsewhere conferred by "this title" (Title 26 of the United States Code).

> 2. *The particular grant of the Tax Court's deficiency jurisdiction appears in section 6213(a).*

The particular provision in Title 26 that does confer jurisdiction over deficiency cases is section 6213(a).[8] We print it here in its entirety (with bracketed numbering of the sentences inserted):

> Sec. 6213. Restrictions applicable to deficiencies; petition to Tax Court
>
> (a) Time for filing petition and restriction on assessment.—[1] *Within 90 days*, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), *the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency*. [2] Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax imposed by subtitle A, or B, chapter 41, 42, 43, or 44 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of

---

[8] We discuss below in Part III.A Hallmark's contention that deficiency jurisdiction is conferred by section 6214.

such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. [3] Notwithstanding the provisions of section 7421(a), the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court, including the Tax Court, and a refund may be ordered by such court of any amount collected within the period during which the Secretary is prohibited from collecting by levy or through a proceeding in court under the provisions of this subsection. [4] The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this subsection unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition. [5] Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed. [Emphasis added.]

Section 6213 is not a court-promulgated rule;[9] rather, it is Congress's mandate of the Tax Court's deficiency authority and of its place within the federal tax system,[10] and we must follow its directive. *Breman*, 66 T.C. at 66. Therefore, we "attempt to ascertain Congress' intent regarding the particular type of review at issue in this case", *Henderson*, 562 U.S. at 437–38; and to do so we first examine the text of section 6213(a).

---

[9] *Cf. Kontrick*, 540 U.S. at 453–54 ("The provision conferring jurisdiction over objections to discharge, however, contains no timeliness condition. [28 U.S.C. §] 157(b)(2)(J) instructs only that 'objections to discharges' are '[c]ore proceedings' within the jurisdiction of the bankruptcy courts. The time constraints applicable to objections to discharge are contained in Bankruptcy Rules prescribed by this Court for 'the practice and procedure in cases under title 11.' 28 U.S.C. § 2075; cf. § 2072 (similarly providing for Court-prescribed 'rules of practice and procedure' for cases in the federal district courts and courts of appeals). '[I]t is axiomatic' that such rules 'do not create or withdraw federal jurisdiction.' *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)").

[10] The Supreme Court acknowledged in *Freytag v. Commissioner*, 501 U.S. 868, 891 (1991), that "[t]he Tax Court's function and role in the federal judicial scheme closely resemble those of the federal district courts".

C.     *The placement and context of the 90-day deadline in section 6213(a) show it is jurisdictional.*

1.     *Section 6213(a) states two prerequisites for a deficiency case.*

Section 6213(a) authorizes the taxpayer to postpone the IRS's assessment of a deficiency it has determined by filing a deficiency petition in the Tax Court within the 90-day period, and it thereby gives the Tax Court jurisdiction to adjudicate that petition. By the first sentence of section 6213(a), Congress created a class of cases—deficiency cases—and specified the time period within which to file them. *See Bowles*, 551 U.S. at 212–13 ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them."). No court has ever questioned whether the Tax Court has deficiency jurisdiction, and no court has ever held that the basis for that jurisdiction is any statute other than section 6213(a).

As we stated above, the prerequisites for a Tax Court deficiency case are (1) a valid notice of deficiency issued by the Commissioner and (2) a petition timely filed by the taxpayer. *See supra* note 4 and accompanying text. Each of these prerequisites has a clear basis in the statutory text, and as we will show, both are jurisdictional.

a.     *The IRS must issue a valid notice of deficiency.*

Under section 6213(a), a deficiency petition may be filed only "after the notice of deficiency authorized in section 6212 is mailed". According to section 6212, such a notice (1) must determine a deficiency, (2) must be sent by certified or registered mail, and (3) must be sent to the taxpayer's last-known address.

The notice of deficiency is known as the "ticket" to Tax Court. A defect in its fulfillment of those requirements of section 6212 may cause a misfire in the deficiency procedure and may deprive us of authority to hear a deficiency case. *See, e.g.*, *Scar v. Commissioner*, 814 F.2d 1363 (9th Cir. 1987), *rev'g* 81 T.C. 855 (1983). The requirements of section 6212 that define an NOD are essential to the Tax Court's authority over a deficiency case because they are incorporated by reference into section 6213(a).

In this case there is no dispute about the first of the two prerequisites of section 6213(a)—the validity of the NOD that the IRS issued to Hallmark. However, we pause to note that the unanimously acknowledged jurisdictional necessity of the issuance of the NOD arises from section 6213(a)—the same statute that (we hold here) makes jurisdiction also depend on a timely petition. If a taxpayer files a petition in the Tax Court attempting to dispute the existence of a deficiency *before* the IRS has issued an NOD, then the petition will be dismissed for lack of jurisdiction. The Supreme Court has so held. *See Laing v. United States*, 423 U.S. 161, 165 n.4 (1976) ("A deficiency notice is of import primarily because *it is a jurisdictional prerequisite* to a taxpayer's suit in the Tax Court for redetermination of his tax liability." (Emphasis added.)).[11] Or, as the Tax Court put it: "It is elemental that the Tax Court does not have jurisdiction where the Commissioner has not determined a deficiency and a statutory notice of deficiency has not been sent to the taxpayer-petitioner." *Johnston v. Commissioner*, 52 T.C. 792, 793–94 (1969), *aff'd*, 429 F.2d 804 (6th Cir. 1970). But this "elemental" proposition is based on the jurisdictional character of the first sentence of section 6213(a). The requirement of a valid NOD and the 90-day deadline are inseparably linked in that sentence. If, as Hallmark contends, the 90-day deadline were not jurisdictional, then we do not see how the requirement of a valid NOD could (as the Supreme Court has held) be jurisdictional. Rather, both prerequisites would then have to be treated as mere claim-processing rules, which might be waived and which, if invoked, would result in dismissal not for lack of jurisdiction but for failure to state a claim—i.e., a merits determination. But that is a thought experiment. No court has ever denied (and Hallmark does not dispute) that the Tax Court's jurisdiction over a deficiency case depends on the issuance of the NOD.

b.    *The taxpayer must file a timely petition.*

Section 6213(a) creates a window of opportunity for the taxpayer: "Within 90 days . . . the taxpayer may file a petition with the Tax Court

---

[11] *See also Abrams v. Commissioner*, 84 T.C. 1308, 1310 (1985) ("The PFN [pre-filing notification] letters do not satisfy these requirements. They do not rise to the level of notices of deficiencies. They do not state that they are notices of deficiencies. They do not state that a *determination* has been made"), *aff'd*, 787 F.2d 939 (4th Cir. 1986), *and aff'd*, 814 F.2d 1356 (9th Cir. 1987), *and aff'd sub nom. Spector v. Commissioner*, 790 F.2d 51 (8th Cir. 1986), *and aff'd sub nom. Donley v. Commissioner*, 791 F.2d 383 (5th Cir. 1986), *and aff'd sub nom. Becker v. Commissioner*, 799 F.2d 753 (7th Cir. 1986), *and aff'd sub nom. Alford v. Commissioner*, 800 F.2d 987 (10th Cir. 1986), *and aff'd sub nom. Gaska v. Commissioner*, 800 F.2d 633 (6th Cir. 1986).

for a redetermination of the deficiency." Under the plain meaning of this provision, the grant to the taxpayer of the right to file a deficiency petition is constrained by the time in which to do so, and only a petition meeting that deadline can be said (in the words of *Kontrick*, 540 U.S. at 455) to "fall[] within . . . [the Tax C]ourt's adjudicatory authority".

2.  *The 90-day deadline is embedded in the jurisdictional grant in sentence 1.*

The 90-day deadline is imposed in the jurisdictional statute, section 6213(a). Admittedly, a requirement "does not become jurisdictional simply because it is placed in a section of a statute that also contains jurisdictional provisions". *Auburn*, 568 U.S. at 155. On the other hand, "Congress's separation of a filing deadline from a jurisdictional grant often indicates that the deadline is not jurisdictional", *Kwai Fun Wong*, 575 U.S. at 403; whereas the 90-day deadline at issue here is not just "in a section of" the jurisdictional statute but is in the same *sentence* as, and is embedded in, the jurisdictional grant: "Within 90 days . . . the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency." We therefore construe the placement of the deadline in the jurisdictional statute as some indication that the 90-day deadline may be jurisdictional, and we continue our analysis.

3.  *The injunction provision in sentence 4 of section 6213(a) suggests that "jurisdiction" depends on timeliness.*

Section 6213(a) must be construed as a whole,[12] and sentence 4 clarifies that deficiency "jurisdiction" (conferred in sentence 1) depends on a petition's timeliness, and implies the jurisdictional character of the deadline provided in sentence 1. *Cf. Zipes*, 455 U.S. at 393–94 ("The provision granting district courts jurisdiction under Title VII, 42 U.S.C. §§ 2000e–5(e) and (f), [unlike section 6213(a),] does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC. It contains no reference to the timely-filing requirement. The provision specifying the time for filing charges with the EEOC appears as an entirely separate provision, and it does not speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts" (footnote

---

[12] *See K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) ("In ascertaining the plain meaning of the statute, the court must look to the particular statutory language at issue, as well as the language and design of the statute as a whole").

omitted)).  The only mention of "jurisdiction" in subsection (a) itself is that fourth sentence, which makes provision as to when the Tax Court has "jurisdiction to enjoin . . . or order any refund".  This statement indirectly indicates that deficiency jurisdiction depends on a timely petition by precluding injunction or refund "unless a timely petition for a redetermination of the deficiency has been filed and then only in respect of the deficiency that is the subject of such petition".  That is, the statute says there may be supplemental injunction or refund "jurisdiction" where a deficiency petition is before the Court, but only if the petition was "timely".  Section 6213(a) therefore speaks to both the petition's timeliness and the Tax Court's injunctive power.  *Cf Kwai Fun Wong*, 575 U.S. at 411 ("[Title 28 U.S.C. § 2401(b)] does not define a federal court's jurisdiction over tort claims generally, address its authority to hear untimely suits, or in any way cabin its usual equitable powers").

If timeliness were a jurisdictional prerequisite for the supplemental injunction or refund but not for the predicate deficiency case, then an oddity might result: Where a deficiency case was filed untimely, the Court might nonetheless have deficiency jurisdiction via equitable tolling, but by the statute it could not have jurisdiction over any related injunction or refund claim.  The traditional tools of statutory construction encourage us to view the statutory text as a whole and to prefer to avoid this anomaly by recognizing "timely petition" to be a jurisdictional prerequisite for both the injunction power and the underlying deficiency case.

It must be borne in mind, however, that this observation is analogous to one that did not carry the day in *Boechler*, where the Commissioner had argued that "[i]t would be strange . . . to make the deadline a jurisdictional requirement for a particular remedy (an injunction) [i.e., enjoining a lien or levy], but not for the underlying merits proceeding itself [there, a collection due process hearing under section 6330(d)(1); here, a deficiency case under section 6213(a)]." *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1499.  The Supreme Court held, however, that this potential anomaly "might strengthen the Commissioner's argument that his interpretation is superior" but held that an interpretation that a timely filing requirement is jurisdictional "must be not only better, but also clear".  *Id.*  Consequently, at this point in the analysis we posit simply that the explicit "jurisdiction" provision in the fourth sentence of section 6213(a) that invokes the time limit of the first sentence "strengthen[s]" (but does not clinch) the argument that the 90-day deadline of the first sentence is jurisdictional.

4.   *Congress's amendments adjusting the deadline show that the deadline is fixed.*

From time to time, Congress has marginally extended the deadline of section 6213(a) to accommodate a variety of potentially sympathetic situations. In 1926 Congress provided that if the deadline (then the 60th day) fell on a Sunday (as it had in *Appeal of Satovsky*, 1 B.T.A. 22, 24 (1924)), then that Sunday would not count as the 60th day, because Sunday was not a business day and papers could not be filed.[13] In 1934 Congress extended the deadline to 90 days and excluded any holiday as the 90th day.[14] In 1942 Congress extended the deadline to 150 days for persons abroad.[15] In 1945 Congress excluded Saturday as the 90th day.[16] And most recently, in 1998, in order to help prevent taxpayers from miscalculating the 90-day deadline, Congress passed a provision (not codified in 26 U.S.C.) mandating that the Commissioner include on the notice of deficiency a statement of the last date to file a petition and then made a corresponding amendment to section 6213(a) making that stated date a safe harbor.[17] Each of these modifications to the deadline for filing a deficiency petition was made to address a scenario that the Tax Court could have addressed with equitable tolling if it had such power. But Congress recognized that the Tax Court does not have the power to extend the jurisdictional deadline imposed by section 6213. Thus, Congress, in the course of its amendments, has treated the deadline of section 6213(a) (and its predecessor statutes) as a jurisdictional deadline that the Tax Court cannot alter or toll.

---

[13] *See* Revenue Act of 1926, ch. 27, § 274, 44 Stat. 9, 55.

[14] *See* Revenue Act of 1934, ch. 277, § 272, 48 Stat. 680, 741.

[15] *See* Revenue Act of 1942, ch. 619, § 168, 56 Stat. 798, 876.

[16] *See* International Organizations Immunities Act of 1945, ch. 652, § 203, 59 Stat. 669, 673 (excluding Saturdays as the 90th day).

[17] *See* Internal Revenue Service Restructuring and Reform Act of 1998, Pub. L. No. 105-206, § 3463, 112 Stat. 685, 767.

19

D.     *Section 7459(d) confirms the jurisdictional nature of the 90-day deadline of section 6213(a).*

1.     *Section 7459(d) provides a general rule that dismissal of a deficiency case sustains the IRS's deficiency determination.*

The Code indicates that when the Tax Court dismisses an untimely petition, it does so "for lack of jurisdiction".  Section 7459(d) provides as follows:

> **(d) Effect of decision dismissing petition.**—If a *petition* for a redetermination of a deficiency has been *filed by the taxpayer*, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the *deficiency* is the amount *determined by the Secretary*.  An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot *determine such amount from the record* in the proceeding, or *unless the dismissal is for lack of jurisdiction*. [Emphasis added.]

This statute thus addresses situations where (1) there has been a "deficiency . . . determined by the Secretary"; (2) there has been a "petition . . . filed by the taxpayer" in the Tax Court; and (3) the "amount" of the deficiency is "determine[able] . . . from the record".  When those conditions are met and a deficiency petition is dismissed, the statute provides that some such cases are thereby resolved on their merits and some are not.  The general rule of section 7459(d) is that dismissal of a deficiency petition is the functional equivalent of a merits decision sustaining the determination of the deficiency; consequently, the deficiency "shall be assessed and shall be paid upon notice and demand".  *See* § 6215(a).  This general rule precludes a taxpayer from using a deficiency case to bar indefinitely the assessment of tax.  When he files his petition, he does halt the assessment process until the Tax Court enters its decision; but he cannot then contrive to have his case dismissed (whether by agreement, or for failure to prosecute, or for any other reason), thereby forestalling assessment by keeping the Tax Court from entering decision.  Rather, under section 7459(d), dismissal will generally be tantamount to the taxpayer's losing on the merits, and an adverse decision will be entered.

> 2. *Section 7459(d) provides an exception, even though the IRS determined a deficiency and the taxpayer filed a petition, when a dismissal is "for lack of jurisdiction".*

Section 7459(d) makes specific an exception for circumstances where "the dismissal is for lack of jurisdiction". We stress the truism that this exception can apply only if the general rule of section 7459(d) would otherwise apply—that is, only where the IRS has determined a deficiency and where the taxpayer has filed a petition. The general rule of section 7459(d) could not apply (and decision would *not* be entered) if there is no "deficiency . . . determined by the Secretary", or if there is no "petition . . . filed by the taxpayer". The exception in section 7459(d) therefore makes provision for a dismissal without adverse decision in the circumstance where there *has* been a notice of deficiency issued by the IRS *and* there *has* been a taxpayer-filed petition but there is nonetheless a "lack of jurisdiction". This prompts the question of what sort of "jurisdictional" defect might be possible where there was a deficiency determination and a filed petition.

The easy answer to the question is that jurisdiction might be lacking (and the Court should dismiss without entering decision) either when the notice of deficiency is defective under section 6212 or when the petition is untimely. The jurisprudence of the Tax Court (and its predecessors) has long held that either of those two defects in compliance with section 6213(a) calls for dismissal for lack of jurisdiction without a decision as to the amount of the deficiency.

One who insists that section 6213(a) does not state "jurisdictional" prerequisites must conclude that neither invalidity of the notice nor untimeliness of the petition could cause "lack of jurisdiction" over a deficiency case, and he must then explain what "jurisdictional" circumstances Congress meant to except when it provided in section 7459(d) that there can be "lack of jurisdiction" even where there has been a deficiency determination and the filing of a petition. This non-jurisdictional reading of section 6213(a) and its prerequisites is untenable for two reasons that we now discuss.

> 3. *Non-jurisdictional dismissals of cases with untimely petitions would produce incongruous results.*

When a deficiency case is dismissed because it is untimely under the first sentence of section 6213(a) or its predecessor statutes, the

unvarying practice of the Tax Court and its predecessors for almost 100 years has been to dismiss the case for lack of jurisdiction and therefore (consistent with section 7459(d) and its predecessor statutes) not to enter decision as to an amount of a deficiency. This dismissal leaves the IRS free to assess the deficiency (because no timely petition was filed to halt assessment pursuant to the second sentence of section 6213(a) and its predecessor statutes); but because there has been no adjudication of the liability that could give rise to res judicata, this dismissal also leaves the taxpayer free to pay the tax and then pursue his refund remedies.

If the jurisprudence had been wrong, if the 90-day deadline were a claim-processing rule, and if the dismissal of an untimely petition were not jurisdictional but rather "for failure to state a claim",[18] then section 7459(d) would call for a different treatment. It would call for dismissal of the untimely petition with an order "that the deficiency is the amount determined" in the NOD. This surprising outcome counsels against the non-jurisdictional construction of section 6213(a) not because it provokes sympathy for a taxpayer[19] for whom this would be an unfavorable result but because it puts section 6213(a) and section 7459(d) at odds with each other and with the manifest purpose of the statutory regime.

---

[18] *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) ("The dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a 'judgment on the merits'"); *Bell v. Hood*, 327 U.S. 678, 682 (1946) ("If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."); *Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("[A] dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies" (quoting *Moitie*, 452 U.S. at 399 n.3)).

[19] In fact, sometimes a non-jurisdictional dismissal would be an unfavorable result for the Commissioner. Sometimes the Commissioner uses the deficiency case as an occasion to assert liabilities in addition to those in the NOD (as section 6214(a) permits him to do); but res judicata arising from a merits decision issued pursuant to section 7459(d) upon a (supposedly) non-jurisdictional dismissal of an untimely petition would slam the door on any further litigation of the tax year at issue (at least in the absence of fraud, *see Zackim v. Commissioner*, 887 F.2d 455 (3d Cir. 1989) (construing § 6212(c)), *rev'g in part* 91 T.C. 1001 (1988)). On the other hand, when a taxpayer's deficiency petition is dismissed for lack of jurisdiction (and there is no outcome that is res judicata), then the taxpayer remains free to request audit reconsideration, *see Tucker v. Commissioner*, 135 T.C. 114, 148 (2010), *aff'd*, 676 F.3d 1129 (D.C. Cir. 2012), or await IRS collection and attempt a "collection due process" hearing under section 6330 (or an equivalent hearing before the IRS's Independent Office of Appeals), or he may pay the tax, request a refund, and, if his claim is not allowed, sue for refund under section 7422.

Rightly construed, the two statutes work harmoniously in tandem. Section 6213(a) gives the taxpayer the unilateral power, merely by filing a timely petition, to halt the deficiency assessment process until the Tax Court enters decision; and section 7459(d) assures that the taxpayer cannot then avoid the conclusion of that deficiency process by contriving a dismissal of his case before the Tax Court does so. Section 7459(d) prevents that abuse by requiring that the Tax Court will enter decision in every case in which it has been given the power to do so—but not in cases (such as those with untimely petitions) as to which Congress expressly withheld that power from the Tax Court. A non-jurisdictional reading of section 6213(a) might allow equitable tolling, but it would, in conjunction with the operation of section 7459(d), require the Tax Court to exercise power over untimely cases by entering decisions sustaining the deficiencies determined in the NOD. But whatever "90 days" means in section 6213(a) (i.e., whether a literal 90 days, or a 90 days plus equitable tolling where applicable), it certainly means that the Tax Court *cannot* redetermine the deficiency where the petition was *not* filed "[w]ithin 90 days"; yet Hallmark's non-jurisdictional construction of section 6213(a) would have us do just that.

It is no answer to this anomaly to point out (as Hallmark does) that "if this unfortunate res judicata result were to happen, it would be a matter for Congress to consider altering by legislation". It is certainly correct that courts must not choose an interpretation because it brings about a desired outcome, and it is true that defects in a statute are for Congress to fix, not the courts. But choosing desired outcomes is not the same thing as following the principles of statutory construction that counsel against choosing an interpretation that creates a conflict in the legislative regime (and that therefore would require Congress to then address the conflict by corrective legislation). *See USA Gymnastics v. Liberty Ins. Underwriters, Inc.*, 27 F.4th 499, 516 (7th Cir. 2022) ("[T]he harmonious-reading canon [instructs that] '[t]he provisions of a text should be interpreted in a way that renders them compatible'" (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012))).

This consequence of Hallmark's position—requiring the Tax Court to enter decision where Congress plainly withheld power to do so—demonstrates the error of that position and the distortions that would result from adopting it.

4. *Applying section 7459(d) only to dismissals other than those called for by section 6213(a) would contradict the actual history and intent of section 7459(d).*

Since Hallmark argues that untimely petitions are not dismissed "for lack of jurisdiction" for purposes of section 7459(d), Hallmark must posit the petitions that *are* dismissed for lack of jurisdiction. Hallmark points to five situations (which it states concisely and on which we comment in footnotes) in which "a petition is dismissed for lack of jurisdiction because [1] the notice of deficiency was invalid because not sent to the taxpayer's last known address[,][20] [2] the petition is barred by the automatic stay in bankruptcy,[21] [3] a corporation lacks capacity to file the petition at the time[,][22] [4] the filing fee has not been paid[,][23] and [5] the taxes have been paid[24] before the notice of deficiency was issued." Hallmark's list does not account for section 7459(d) nor explain the actual history of its adoption. To make Hallmark's point (that the "lack of jurisdiction" exception in section 7459(d) addresses defects other than those in section 6213(a)), it is thus necessary to show that Congress added the exception not to address circumstances of invalid NODs or untimely petitions (as in section 6213(a)) but instead to address other jurisdictional circumstances Hallmark has identified. Such a showing cannot be made.

Hallmark is correct that the "lack of jurisdiction" provision now in section 7459(d) was added by section 601 of the Revenue Act of 1928,

---

[20] The last-known-address provision first appeared as section 272(k) of the Revenue Act of 1928, ch. 852, § 272(k), 45 Stat. 791, 854, the same Revenue Act in which the predecessor to section 7459(d) was enacted. As Hallmark's description admits, this last-known-address defect is simply one instance of the NOD being "invalid"; that is, the case is dismissed for lack of jurisdiction because one of the two prerequisites of section 6213(a) was not met.

[21] The automatic stay provision in its current form was not enacted until the Bankruptcy Reform Act of 1978, Pub. L. No. 95-598, 92 Stat. 2549. "[T]he Revenue Act of 1924 [was] silent as to the Board's jurisdiction in the event of bankruptcy", but "section 282(a) of the Revenue Act of 1926[, 44 Stat. at 62] . . . says: 'No petition for any such redetermination *shall be filed* with the Board after the adjudication of bankruptcy or the appointment of the receiver.'" *Plains Buying & Selling Ass'n v. Commissioner*, 5 B.T.A. 1147, 1150, 1153 (1927). For purposes of this Opinion, it is sufficient to observe that before 1928, as now, a pending bankruptcy might call for dismissal of a deficiency case for lack of jurisdiction. *See Thompson v. Commissioner*, 84 T.C. 645, 648 (1985). Cases involving section 282(a) first appeared on the BTA

45 Stat. at 871, and that "[t]he legislative history of the Revenue Act of 1928 contains no discussion of the reason for the addition". We have found no congressional report explaining the addition, but it is not

reports' list of cases dismissed for "Want of Jurisdiction" in 1926. *See* 4 B.T.A. 1303, 1307 (1926).

[22] Rule 60(c) currently provides that "[t]he capacity of a corporation to engage in such litigation shall be determined by the law under which it was organized"; but there seems to have been no such provision in the Rules of the BTA in 1928. *See* 7 B.T.A. 1357–71. We are unable to find any opinion of the BTA that discusses the capacity of a corporation to file a petition, nor any dismissal on the grounds of a corporation's lack of capacity. Other similar Rule 60 issues (not mentioned by Hallmark) that involve capacity or "proper party" might result in dismissal for lack of jurisdiction; but we find no reason to suppose that the Congress enacting section 7459(d) had in mind those relatively uncommon issues when the frequently recurring issue of the untimely petition was staring it in the face.

[23] The BTA was first "authorized to impose a fee in an amount not in excess of $10 to be fixed by the Board for the filing of any petition" in section 1000 of the Revenue Act of 1926, 44 Stat. at 106 (adding section 904 to the Revenue Act of 1924); and BTA Rule 8 thereafter provided: "A fee of $10 is hereby imposed for the filing . . . of any petition. No such petition may be filed until such fee is paid to the Board, nor will the filing of any petition be antedated to a time prior to the payment of such fee." 7 B.T.A. 1360. (Current Rule 20(d) includes no such provision as to "antedat[ing]".) After the imposition of the filing fee, the BTA did not characterize non-payment of the filing fee as a "Want of Jurisdiction" issue on its lists of dismissed cases but rather presumably included such cases in the general category of "Appeals Dismissed for Failure to File Petition in Accordance with Rules of Practice" that had appeared at the beginning. *See* 1 B.T.A. 1267, 1275. Similar to section 904 as added in 1926, modern section 7451(a) "authorize[s]" the Tax Court "to impose a fee" but does not require it, so the Court's acceptance of late payment is within its discretion.

[24] Hallmark refers here to the circumstance, as in *Anderson v. Commissioner*, 11 T.C. 841, 843 (1948), in which

> on the date of the mailing of the letter purporting to be a notice of deficiency, it appears that the tax there involved had already been paid, it must be held that *the letter was not a valid notice of deficiency* within the definition of the Internal Revenue Code. The inescapable prerequisite of our jurisdiction is consequently lacking. Accordingly, . . . this [p]roceeding is dismissed for lack of jurisdiction.

(Citation omitted.) Congress later clarified that this jurisdictional problem does not exist where the tax is paid after the notice of deficiency is issued, when it provided in section 6213(b)(4): "In any case where such amount is paid after the mailing of a notice of deficiency under section 6212, such payment shall not deprive the Tax Court of jurisdiction over such deficiency . . . ." This provision expressly presumes that, by the prior operation of section 6213(a), the Tax Court has "jurisdiction over such deficiency" and provides that any payment will not "deprive the Tax Court of jurisdiction"; and the enactment of this provision as a subsection of section 6213 confirms that jurisdiction is established there.

difficult to reconstruct the relevant history. In 1924 the BTA began resolving cases, and it construed its deficiency statute—"Within 60 days after such notice [of deficiency] is mailed the taxpayer may file an appeal with the Board of Tax Appeals", section 274(a)—to require dismissal, for lack of jurisdiction, of an untimely petition:

> [I]nasmuch as the Revenue Act of 1924 contains no indication that Congress had any intention of permitting any extension of the 60 days within which to file an appeal, this Board is without power to grant an extension of the time. The language of the Act is inflexible and upon it depends the jurisdiction of the Board.

*Satovsky*, 1 B.T.A. at 24. The point here is not that the BTA's opinion was correct (we believe it was) but simply that this was the announced view of the BTA. That view was announced repeatedly over the ensuing years in opinions, *see infra* Appendix, and also in orders of dismissal:

Starting with the first volume, the United States Board of Tax Appeals Reports included at the back an appendix listing "Appeals Dismissed or Otherwise Disposed of", in which the first category was cases dismissed for "Want of Jurisdiction". Four jurisdictional subcategories were listed: "(A) Appeals Not Based Upon Statutory Determination by Commissioner", "(B) Appeals Not Filed Within Statutory Period", "(C) Appeals Involving Taxes Paid", and "(D) Appeals Involving Taxes Not Within Jurisdiction".[25] That is, from the very beginning, the BTA dismissed for lack of "jurisdiction" cases that lacked a valid NOD (its subcategories (A) and (C)) or lacked a timely petition (its subcategory (B)). Beginning with 4 B.T.A., an additional jurisdictional subcategory was added: "Appeals Dismissed under Section 282(a), Revenue Act of 1926" (a bankruptcy provision). That was the BTA's situation in 1926 when Congress added to the Revenue Act of 1924 the first predecessor of section 7459(d) as then-section 906(c), *see* Revenue Act of 1926, § 1000, 44 Stat. at 107, which provided:

> (c) If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Board dismissing the proceeding shall, for the purposes of this

---

[25] *See* 1 B.T.A. 1267–71; *see also* 2 B.T.A. 1333–35; 3 B.T.A. 1367–74; 4 B.T.A. 1303–07; 5 B.T.A. 1297–301; 6 B.T.A. 1385–87; 7 B.T.A. 1333–35; 8 B.T.A. 1303–04; 9 B.T.A. 1419–20; 10 B.T.A. 1417–18; 11 B.T.A. 1433–35; 12 B.T.A. 1445–47; 13 B.T.A. 1391–93. Beginning with 5 B.T.A., the word "Appeals" in the subcategories was changed to "Proceedings".

title and of the Revenue Act of 1926, be considered as its decision that the deficiency is the amount determined by the Commissioner. An order specifying such amount shall be entered in the records of the Board unless the Board can not determine such amount from the pleadings.

This provision required merits determinations for dismissals (and did not include the exception "or unless the dismissal is for lack of jurisdiction"). As we would apply section 7459(d) today, the BTA applied section 906(c) after its initial enactment, as illustrated in *Appeal of Pennock*, 4 B.T.A. 1271, 1271 (1926), where no jurisdictional defect was alleged: "In view of the lack of evidence to support the petitioner's allegations, we must dismiss the appeal under the provisions of section 906(c) of the Revenue Act of 1924, as amended by section 1000 of the Revenue Act of 1926." Presumably, the "decision" document in *Pennock* sustained the amount set out in the notice of deficiency.

However, a wrinkle arising from section 906(c) had appeared in *Appeal of United Paper Co.*, 4 B.T.A. 257 (1926), in which the taxpayer had filed before 1926 an untimely petition that had not yet been dismissed at the time section 906(c) was enacted. The taxpayer cited section 906(c) to argue that, even if its not-yet-dismissed petition was untimely and must now be dismissed, "the Board must, under section 906(c) . . . , enter an order specifying the deficiency to be the amount determined by the Commissioner." *Id.* at 258. *United Paper* was therefore an occasion for the BTA to remark on the form that dismissals take, and on the distinction that ought to be made between dismissals where an amount of deficiency should or should not be stated:

> The petition not having been filed within the time prescribed by subdivision (a) of section 274 of the Revenue Act of 1924, it seems clear that there has been no appeal, taken under that section. At the time the petition was filed the Board had no jurisdiction to hear and determine any issue, and without such jurisdiction the filing of the petition can not constitute an appeal to the Board. An act has been performed which has no validity or significance.

> . . . .

> . . . Necessarily the Board has the power to determine whether jurisdiction exists and, if not, to make an appropriate record of its determination. This has

customarily taken the form of an order. While in form a dismissal, the order is in effect a determination that no appeal has been taken, and there can be no jurisdiction even to dismiss the appeal in the sense in which dismissal is used in the statute [i.e., in section 906(c), now section 7459(d)]. In those cases *where the Board determines that it has no jurisdiction of the appeal, it does not provide in its order that the deficiency is the amount determined by the Commissioner*.

*United Paper*, 4 B.T.A. at 258 (emphasis added). That is, notwithstanding section 906(c), the BTA continued to follow its practice as to untimely petitions—dismissing them for lack of jurisdiction and without a statement of a deficiency amount—though that practice was not explicitly warranted in section 906(c) as originally enacted.

In conformity with the BTA's practice described in *United Paper*, Congress amended the statute in 1928 by adding to section 906(c) (now section 7459(d)) the now-familiar phrase:

> (c) If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Board dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Commissioner. An order specifying such amount shall be entered in the records of the Board unless the Board can not determine such amount from the record in the proceeding, *or unless the dismissal is for lack of jurisdiction*.

Revenue Act of 1928, § 601, 45 Stat. at 871–72 (emphasis added). To construe the phrase "for lack of jurisdiction", we need to know: What "jurisdiction[al]" circumstances did Congress address in making this amendment in 1928? The obvious answer is that Congress addressed the very circumstance that the BTA had described in *United Paper*—i.e., "the Board determines that it has no jurisdiction" because "[t]he petition [was] not . . . filed within the time prescribed". We find no BTA opinion discussing the issue of sustaining a deficiency in a jurisdictional dismissal in connection with any jurisdictional issue other than the untimeliness of a petition (as in *United Paper*). With reasonable confidence we also impute to Congress the knowledge that, as the BTA had reported since 1924, it was dismissing for "want of jurisdiction" where there was no valid NOD. We see no reason to suppose that

Congress ignored the actual activity of the BTA, left unsolved the timeliness-related conundrum described in *United Paper*, and instead amended the statute to address as-yet-unrealized difficulties in future cases that might involve lack of corporate capacity. We do see, in the BTA's appendices, dismissals for lack of jurisdiction because of pending bankruptcies and because taxes not assigned to the BTA were petitioned, and those dismissals, too, would fall within the "lack of jurisdiction" exception of section 906(c). That these, too, involve "lack of jurisdiction" does not at all undermine the obvious congressional intent to address, as cases involving "lack of jurisdiction", those that were being dismissed because they lacked the prerequisites of section 274(c) (now section 6213(a)), i.e., a valid NOD and—as in *United Paper*—a timely petition.

Section 906(c) was reenacted in 1939, 1954, and 1986. Congress took this repeated action against the backdrop of caselaw uniformly interpreting the deadline to file a deficiency petition to be jurisdictional, as we now show.

E. *The historical treatment of section 6213 by Congress and the circuit courts of appeals further indicates that the deadline for filing a deficiency case is jurisdictional.*

According to the Supreme Court, "[w]hen 'a long line of this Court's decisions left undisturbed by Congress,' . . . has treated a similar requirement as 'jurisdictional,' we will presume that Congress intended to follow that course." *Henderson*, 562 U.S. at 436 (quoting *Union Pac. R.R. Co. v. Brotherhood of Locomotive Eng'rs & Trainmen Gen. Comm. of Adjustment, Cent. Region*, 558 U.S. 67, 82 (2009)). This statement describes the traditional tool of statutory construction known as the "prior-construction canon."[26] If a statute is reenacted using words or phrases that have already received authoritative construction by the highest court in a jurisdiction, or have been uniformly construed by

---

[26] *See generally* Scalia & Garner, *supra*, at 325 ("The criterion ought to be whether the uniform weight of authority is significant enough that the bar can justifiably regard the point as settled law".). *But see id.* at 326 ("[W]e emphasize that this canon applies only to presumed legislative approval of prior judicial or administrative interpretations in statutes adopted after those interpretations. The mere failure of a legislature to correct extant lower-court, intermediate-court, or agency interpretations is not, in our view, a sound basis for believing that the legislature has 'adopted' them. The bar may well have relied on those interpretations, but until they have been approved by the jurisdiction's highest court or implicitly adopted in a subsequent statute, they are not the law" (footnotes omitted)).

inferior courts or the responsible agency, then the later version of that statute preserving the wording is presumed to carry forward that interpretation, and they are to be understood according to that construction. *See, e.g.*, *Bragdon v. Abbott*, 524 U.S. 624, 645 (1998) (citing an "unwavering line of administrative and judicial interpretation" that included no Supreme Court opinions, and holding, "[w]hen administrative and judicial interpretations have settled the meaning of an existing statutory provision, repetition of the same language in a new statute indicates, as a general matter, the intent to incorporate its administrative and judicial interpretations as well"); *Shapiro v. United States*, 335 U.S. 1, 16 (1948) ("In adopting the language used in the earlier act, Congress 'must be considered to have adopted also the construction given by this Court to such language, and made it part of the enactment'" (quoting *Hecht v. Malley*, 265 U.S. 144, 153 (1924))).

Over nearly a hundred years of reenactments and amendments of section 6213(a), Congress has left substantially unchanged the wording of its jurisdictional grant, and Congress's additions to section 6213(a) have clarified that its deadline is jurisdictional. The deadline to file a deficiency case has been uniformly construed as jurisdictional not only by the Tax Court and its predecessors but also by the circuit courts of appeals. The appendix attached to this Opinion includes a chronological listing of each enactment, reenactment, and amendment, relevant legislative history, and citations of caselaw, in order to demonstrate the volume of uniform, uncontradicted authority. We begin at the origin of deficiency litigation in the BTA.

### 1. *The Revenue Act of 1924*

The predecessor to section 6213 is section 274 of the Revenue Act of 1924, § 274, 43 Stat. at 297, which provided:

> Sec. 274. (a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title [i.e., Title II.—Income Tax], the taxpayer, except as provided in subdivision (d) [regarding jeopardy assessment and collection], shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. *Within 60 days after such notice is*

*mailed the taxpayer may file an appeal with the Board of Tax Appeals* established by section 900.

. . . .

(c) *If the taxpayer does not file an appeal with the Board within the time prescribed in subdivision (a) of this section* [*i.e., 60 days*], *the deficiency of which the taxpayer has been notified shall be assessed*, and shall be paid upon notice and demand from the collector.

(Emphasis added.) Thereafter the inaugural BTA decisions interpreted this provision as requiring a taxpayer to timely file a petition in order to confer upon the BTA jurisdiction over that case. *See Satovsky*, 1 B.T.A. at 24 ("[W]e are of the opinion that, inasmuch as the Revenue Act of 1924 contains no indication that Congress had any intention of permitting any extension of the 60 days within which to file an appeal, this Board is without power to grant an extension of the time. The language of the Act is inflexible and *upon it depends the jurisdiction* of the Board" (emphasis added)); *see also Appeal of Hatch & Bailey Co.*, 1 B.T.A. 25, 26 (1924); *Appeal of William Frantze & Co.*, 1 B.T.A. 26 (1924); *Appeal of Hurst, Anthony & Watkins*, 1 B.T.A. 26, 27 (1924); *Appeal of Strutwear Knitting Co.*, 1 B.T.A. 41, 41 (1924); *Appeal of B.B. Davis & Co.*, 1 B.T.A. 587, 587 (1925); *Appeal of Matteson Co.*, 1 B.T.A. 905, 905–06 (1925); *Appeal of Eastman Gardiner Naval Stores Co.*, 4 B.T.A. 242, 245 (1926).

## 2.      *The Revenue Act of 1926*

Against the backdrop of that caselaw, Congress enacted the Revenue Act of 1926, § 274(c), 44 Stat. at 55–56, which amended section 274 by adding "(not counting Sunday as the sixtieth day)", thereby giving taxpayers marginal protection at the deadline by exempting Sunday from being the final day. This amendment shows Congress's intention that the expiration of the deadline to file a deficiency petition continue to be significant, because it left unchanged subsection (c), providing that "[i]f the taxpayer does not file a petition with the Board within the time prescribed in subdivision (a) of this section [i.e., 60 days], the deficiency, notice of which has been mailed to the taxpayer, shall be assessed".

The Court of Appeals for the District of Columbia Circuit was the first circuit court of appeals to decide whether the deadline to file a deficiency case is jurisdictional. In *Lewis-Hall Iron Works v. Blair*, 23

F.2d 972, 974 (D.C. Cir. 1928), *cert. denied*, 277 U.S. 592, the D.C. Circuit held:

> [T]he Board's decision dismissing the petition was correct, for the requirement that such petitions shall be filed within 60 days after the mailing of notice of the deficiency, is statutory and jurisdictional and is not merely procedural. Revenue Act of 1926, Sec. 274(a). The Board, therefore, was without jurisdiction to hear the petition.

*See also Chambers v. Lucas*, 41 F.2d 299, 300 (D.C. Cir. 1930).

### 3. *The Revenue Act of 1934*

By 1934, the BTA was 10 years old, and at that time (as thereafter) the jurisprudence was unanimous that the deficiency case deadline is jurisdictional. Section 274 was renumbered section 272 in the Revenue Act of 1934, § 272, 48 Stat. 680, 741, wherein Congress extended the filing deadline in subsection (a) from 60 days to "[w]ithin 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day)". Congress therefore sought to give taxpayers more time within which to file a deficiency petition, and it provided an additional marginal extension of the deadline by exempting Sundays and federal holidays from being the final day. But despite the enhanced protections granted to taxpayers in subsection (a), Congress did not amend subsection (c), which still provided that "[i]f the taxpayer does not file a petition with the Board within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed".

Thereafter, the Fifth, Ninth, and Tenth Circuits joined the D.C. Circuit and the BTA in holding the timely filing of a deficiency petition to be a jurisdictional requirement. *See Poyner v. Commissioner*, 81 F.2d 521, 522 (5th Cir. 1936); *Cont'l Petroleum Co. v. United States*, 87 F.2d 91, 94 (10th Cir. 1936); *Edward Barron Estate Co. v. Commissioner*, 93 F.2d 751, 753 (9th Cir. 1937).

### 4. *The Internal Revenue Code of 1939*

Congress's enactment of the Internal Revenue Code of 1939, ch. 2, § 272, 53 Stat. 1, 82, was a milestone for the U.S. tax system. The 1939 Code retained the text of section 272 verbatim. And thereafter the Tenth and D.C. Circuits followed their precedents and continued to

interpret the deficiency case deadline to be a jurisdictional requirement. *See Ryan v. Alexander*, 118 F.2d 744, 750 (10th Cir. 1941); *Stebbins' Estate v. Helvering*, 121 F.2d 892, 894 (D.C. Cir. 1941), *aff'g* 40 B.T.A. 613 (1939).

### 5.   *The Revenue Act of 1942*

In the Revenue Act of 1942, §§ 168, 504, 56 Stat. 798, 876, 957, Congress renamed the BTA as the Tax Court of the United States and again modified the deficiency case deadline—but otherwise left section 272 unchanged.  The Act added the following to section 272:  "If the notice is addressed to a person outside the States of the Union and the District of Columbia, the period specified in this paragraph shall be one hundred and fifty days in lieu of ninety days."  Congress thus granted to a specific class of taxpayers—i.e., those outside of the country— additional time to file a deficiency petition to ensure those taxpayers had adequate time in which to do so.  Congress did not amend subsection (c), which continued to provide that a deficiency would be assessed "[i]f the taxpayer does not file a petition with the Board within the time prescribed".

Thereafter, the Third and Sixth Circuits joined the Fifth, Ninth, Tenth, and D.C. Circuits (as well as the BTA) in holding that the timely filing of a petition is a jurisdictional requirement.  *See Commissioner v. Rosenheim*, 132 F.2d at 679–80; *Worthington v. Commissioner*, 211 F.2d 131, 131–32 (6th Cir. 1954) (per curiam).

### 6.   *The 1945 International Organizations Immunities Act*

In 1945, after more than 20 years of deficiency litigation, Congress amended section 272(a)(1) to include Saturday in the days exempt from being "the ninetieth day".  International Organizations Immunities Act of 1945, § 203, 59 Stat. at 673.  Once again, Congress marginally extended the taxpayers' deadline but otherwise left subsections (a) and (c) unchanged.

Thereafter, the Second Circuit joined the Third, Fifth, Sixth, Ninth, Tenth, and D.C. Circuits (as well as the BTA) in holding that the timely filing of a deficiency petition is a jurisdictional requirement.  *See Mindell v. Commissioner*, 200 F.2d 38, 39 (2d Cir. 1952).  And the Third, Sixth, and Ninth Circuits followed their precedents in continuing to construe the deficiency case deadline as jurisdictional.  *See Di Prospero v. Commissioner*, 176 F.2d 76, 77 (9th Cir. 1949), *Cent. Paper Co. v.*

*Commissioner*, 199 F.2d 902, 903 (6th Cir. 1952), *Drouin v. Commissioner*, 203 F.2d 953 (3d Cir. 1953) (per curiam).

### 7. *The Internal Revenue Code of 1954*

The enactment of the Internal Revenue Code of 1954, ch. 736, § 6213, 68A Stat. 3, 771, was another major development in U.S. tax law. Congress renumbered section 272 as section 6213, with revisions not material to our subject (which numbering persists today). Section 6213 provided:

> Sec. 6213. Restrictions Applicable to Deficiencies; Petition to Tax Court.
>
> (a) Time for filing petition and restriction on assessment.—Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency. . . .
>
> . . . .
>
> (c) Failure to file petition.—If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary or his delegate.

That is, Congress substantially retained the statutory text—"Within 90 days . . . after the notice of deficiency authorized in section 6212 is mailed . . . , the taxpayer may file a petition with the Tax Court"—that for three decades had been construed as jurisdictional. Thereafter the Second, Third, Fifth, Ninth, and Tenth Circuits followed and affirmed their precedents interpreting the deadline for filing a deficiency petition to be a requirement to confer jurisdiction on the Tax Court. *See Underwriters, Inc. v. Commissioner*, 215 F.2d 953, 954 (3d Cir. 1954) (per curiam); *Galvin v. Commissioner*, 239 F.2d 166, 166 (2d Cir. 1956) (per curiam); *Rich v. Commissioner*, 250 F.2d 170, 175 (5th Cir. 1957) (Johnsen, J., concurring in part); *Teel v. Commissioner*, 248 F.2d 749,

751 (10th Cir. 1957), *aff'g* 27 T.C. 375 (1956); *DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir. 1967).

### 8. *The Tax Reform Act of 1969*

When Congress established the Tax Court as an Article I court in 1969, it did not amend section 6213. Thereafter, the Tax Court promulgated Rule 13 of its Rules of Practice and Procedure— "Jurisdiction"—providing that "[i]n all cases, the jurisdiction of the Court also depends on the timely filing of a petition. See Code Sections 6213, 7502." Rule 13(b), 60 T.C. 1057, 1072. This rule followed the uniform body of precedent since 1924.

Thereafter, the Eighth and Eleventh[27] Circuits joined the Second, Third, Fifth, Sixth, Ninth, Tenth, and D.C. Circuits, as well as the BTA and the Tax Court, in holding the timely filing of a deficiency petition to be a jurisdictional requirement. *See Andrews v. Commissioner*, 563 F.2d 365, 366 (8th Cir. 1977); *Pugsley v. Commissioner*, 749 F.2d 691, 692 (11th Cir. 1985). And the Second, Fifth, Ninth, and D.C. Circuits followed their precedents to the same effect. *See DiViaio v. Commissioner*, 539 F.2d 231, 234 (D.C. Cir. 1976); *Shipley v. Commissioner*, 572 F.2d 212, 213 (9th Cir. 1977), *aff'g* T.C. Memo. 1976-383; *Johnson v. Commissioner*, 611 F.2d 1015, 1018 (5th Cir. 1980), *rev'g* T.C. Memo. 1977-382; *Tadros v. Commissioner*, 763 F.2d 89, 91 (2d Cir. 1985).

### 9. *The Tax Reform Act of 1986*

When Congress passed significant amendments to the Code resulting in the Internal Revenue Code of 1986, it reenacted section 6213 as it had appeared in the 1954 Code, without amendment. The Second, Fifth, Sixth, and Ninth Circuits continued to hold that the timely filing of a deficiency case is a jurisdictional requirement. *See Mulder v. Commissioner*, 855 F.2d 208, 210–11 (5th Cir. 1988), *rev'g* T.C. Memo. 1987-363; *Hoffenberg v. Commissioner*, 905 F.2d 665, 666 (2d Cir. 1990) (per curiam), *aff'g* T.C. Memo. 1989-676; *Patmon & Young Prof. Corp. v. Commissioner*, 55 F.3d 216, 217 (6th Cir. 1995), *aff'g* T.C. Memo. 1993-143; *Correia v. Commissioner*, 58 F.3d 468, 469 (9th Cir. 1995) (per curiam).

---

[27] On October 14, 1981, the Fifth Circuit was divided into the Fifth Circuit and newly formed Eleventh Circuit. *See* Fifth Circuit Court of Appeals Reorganization Act of 1980, Pub. L. No. 96-452, 94 Stat. 1994.

10.    *The Internal Revenue Service Restructuring and Reform Act of 1998*

The most recent amendment to section 6213(a) was in 1998, when Congress directed that "[t]he Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 . . . the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court", and amended section 6213(a) "by adding at the end the following new sentence: 'Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed.'" Internal Revenue Service Restructuring and Reform Act of 1998, § 3463, 112 Stat. at 767. This amendment of section 6213(a) is particularly telling of Congress's intention that the Tax Court not have jurisdiction over late-filed deficiency petitions. Congress left unchanged the text that had been construed as jurisdictional, ensured by its amendment that the taxpayer would be made aware of the date of expiration of the deadline for filing a deficiency case, and clarified that a petition filed on that stated date would be timely.

The legislative history[28] of this amendment gives useful information about Congress's awareness and understanding of the state of the law on the issue of the 90-day rule as jurisdictional. The conference report gave the following explanation:

Present Law

Taxpayers must file a petition with the Tax Court within 90 days after the deficiency notice is mailed (150 days if the person is outside the United States) (sec. 6213).

---

[28] As we noted above, the Supreme Court held in *Henderson*, 562 U.S. at 436 (quoting *Union Pac. R.R. Co.*, 558 U.S. at 82), that "[w]hen 'a long line of this Court's decisions left undisturbed by Congress,' . . . has treated a similar requirement as 'jurisdictional,' we will *presume* that Congress intended to follow that course." (Emphasis added.) We consult the legislative history of the 1998 amendment, quoted in text above, because it enables us to presume not carelessly but reasonably that Congress intended to leave undisturbed the courts' unanimous consensus that "[i]f the petition is not filed within that time period, the Tax Court does not have jurisdiction to consider the petition." H.R. Rep. 105-599, at 289 (1998) (Conf. Rep.), *as reprinted in* 1998-3 C.B. 747, 1043; H.R. Rep. 105-364, pt.1, at 71 (1997), *as reprinted in* 1998-3 C.B. 373, 443.

*If the petition is not filed within that time period, the Tax Court does not have jurisdiction to consider the petition.*

H.R. Rep. No. 105-599, at 289 (emphasis added); H.R. Rep. No. 105-364, pt. 1, at 71 (emphasis added). By this amendment to section 6213(a), Congress communicated to taxpayers that the last day to file a deficiency petition is indeed the last day, thereby indicating—against the backdrop of explicitly observed "Present Law"—that the deadline is imbued with jurisdictional significance and is exempt from equitable exceptions.

Since then, the Seventh Circuit (applying the Supreme Court's clear-statement rule) has joined the Second, Third, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, and D.C. Circuits, as well as the BTA and the Tax Court, in holding the timely filing of a deficiency petition to be a jurisdictional requirement. *See Tilden v. Commissioner*, 846 F.3d 882, 886–87 (7th Cir. 2017), *rev'g and remanding* T.C. Memo. 2015-188. And the Fifth, Ninth, and D.C. Circuits continued to so hold. *See Rochelle v. Commissioner*, 293 F.3d 740, 741 (5th Cir. 2002) (per curiam), *aff'g* 116 T.C. 356 (2001); *Edwards v. Commissioner*, 791 F.3d 1, 4 (D.C. Cir. 2015); *Elings v. Commissioner*, 324 F.3d at 1112; *see also Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092–93 (9th Cir. 2020) (applying the clear statement rule to section 6213(a) and concluding that its deadline is jurisdictional).

## 11. *Summary*

This history of reenactments of and amendments to section 6213(a) demonstrates that Congress's intention is to provide an adequate but strict timeframe within which a taxpayer may file a deficiency petition in the Tax Court. Congress has given taxpayers certain liberalizing adjustments to the last day of the deadline but has also made clear the deadline's finality. Furthermore, section 6213(c), providing that "[i]f the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency . . . shall be assessed, and shall be paid upon notice and demand", has remained constant.[29] This historical treatment of section 6213 reflects

---

[29] In balancing the rights of taxpayers and the interests of the Government in revenue, Congress designed the taxpayer's opportunity for filing a deficiency petition to close, after which the Tax Court cannot take jurisdiction over the deficiency. Section 6213(c) thus explicitly incorporates the deadline of subsection (a) and provides for the mandatory assessment of the deficiency by operation of statute. The taxpayer's

an intention of Congress, remarkably persistent over the past century, that, in balancing the rights of the taxpayer and the interests of the Government, the deficiency assessment regime give the taxpayer an adequate time within which to file a deficiency petition, but that (1) a taxpayer's failure to do so within the prescribed time will foreclose the opportunity to litigate his deficiency before the Tax Court, (2) the deficiency not timely petitioned will be assessed so that the IRS may begin collection, and (3) the taxpayer's remaining remedy is to pay the assessment and sue for a refund.[30]

Consistent with that regime, the Tax Court and the circuit courts of appeals[31] have expressly and uniformly treated the deadline of section 6213 as jurisdictional. Congress—presumptively aware of this treatment by the courts—has preserved the operative text in section 6213 through every reenactment and amendment, thereby carrying forward that interpretation. The 90-day deadline of section 6213(a) is therefore, as in *Bowles*, a limitation imposed by Congress for access to courts which has been uniformly construed and enforced as such for a "century's worth of precedent and practice in American courts." *Bowles*, 551 U.S. at 209 n.2; *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 139 (2008) ("[S]tare decisis in respect to statutory

---

opportunity ends because the deficiency "shall be assessed". It becomes no longer a deficiency but now a liability for which the IRS may issue notice and demand for payment. Section 6213(c) reflects Congress's decision that the IRS must be able to reliably discern when the legal requirements for assessment have been met and collection may begin. *Accord Robinson v. United States*, 920 F.2d 1157, 1158 (3d Cir. 1990); *Abrams v. Commissioner*, 787 F.2d at 942.

[30] Because the assessment procedure was created to advance the critical interests of the Government in collecting the tax revenue, it follows "that Congress decided to pay the price of occasional unfairness in individual cases (penalizing a taxpayer whose claim is unavoidably delayed) in order to maintain a more workable tax enforcement system." *See Brockamp*, 519 U.S. at 352–53 (construing as jurisdictional the refund limitations of section 6511).

[31] The First and Fourth Circuits have not so held in published, precedential opinions, but both have acquiesced in unpublished decisions. *See, e.g.*, *Hansen v. Commissioner*, 201 F.3d 427 (1st Cir. 1998) (unpublished table decision) (per curiam); *Thomas v. Commissioner*, 194 F.3d 1305 (unpublished table decision) (4th Cir. 1999); *Briley v. Commissioner*, 622 F. App'x 305 (4th Cir. 2015) (per curiam). The Supreme Court has not addressed the issue but has denied a writ of certiorari in (by our count) five cases presenting the issue. *See, e.g.*, *Lewis-Hall Iron Works*, 23 F.2d 972, *cert. denied*, 277 U.S. 592 (1928); *Cont'l Petroleum Co.*, 87 F.2d 91, *cert. denied*, 300 U.S. 679 (1937); *Ryan*, 118 F.2d 744, *cert. denied*, 314 U.S. 622 (1941); *Delman v. Commissioner*, 384 F.2d 929 (3d Cir. 1967), *aff'g* T.C. Memo. 1966-59, *cert. denied*, 390 U.S. 952 (1968); *Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, *cert. denied*, 141 S. Ct. 2596 (2021).

interpretation has 'special force,' for 'Congress remains free to alter what we have done.' Additionally, Congress has long acquiesced in the interpretation we have given" (quoting *Patterson v. McLean Credit Union*, 491 U.S. 164 (1989)) (citations omitted)); *cf. Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1500 ("[N]o such long line of authority exists here" (quoting *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019))).

III.    *Hallmark's remaining arguments that the deadline of section 6213 is non-jurisdictional are unavailing.*

    A.    *Section 6214(a) does not confer deficiency jurisdiction but rather supplements the jurisdiction conferred by section 6213(a).*

Hallmark argues that "[t]he jurisdictional grant for deficiency suits is in section 6214(a)." If correct, this would locate the grant of jurisdiction in a statute different from the statute that sets the 90-day deadline, making it easier to argue that the deadline itself is not jurisdictional. Section 6214 provides (in part):

Sec. 6214.    Determinations by Tax Court.

(a) Jurisdiction as to increase of deficiency, additional amounts, or additions to the tax.—Except as provided by section 7463, *the Tax Court shall have jurisdiction to redetermine the correct amount of the deficiency* even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any additional amount, or any addition to the tax should be assessed, if claim therefor is asserted by the Secretary at or before the hearing or a rehearing.

(b) Jurisdiction over other years and quarters.—The Tax Court *in redetermining a deficiency* of income tax for any taxable year or of gift tax for any calendar year or calendar quarter shall consider such facts with relation to the taxes for other years or calendar quarters as may be necessary correctly to redetermine the amount of such deficiency, but in so doing *shall have no jurisdiction to determine whether or not the tax for any other year or calendar quarter has been overpaid or underpaid.* Notwithstanding the preceding sentence, the Tax Court may apply the doctrine of equitable recoupment to the

same extent that it is available in civil tax cases before the district courts of the United States and the United States Court of Federal Claims.

(Emphasis added.) According to Hallmark, "[s]ection 6214(a) derives from language originally appearing in section[] 274(a) [sic] (for income tax) . . . of the Revenue Act of 1926", and "[i]t was in 1926 that Congress first used the word 'jurisdiction' in connection with the Board of Tax Appeals." Hallmark argues that section 6214(a), rather than section 6213(a), is the jurisdictional grant to the Tax Court over deficiency cases because it explicitly mentions jurisdiction, whereas "[s]ection 6213(a)'s first sentence (which contains the filing deadline) does not even use the word 'jurisdiction'." Hallmark reasons that, because section 6214(a) is the jurisdictional grant for deficiency cases, and because it does not "refer to the 90-day deadline or to section 6213(a)", then the deadline of section 6213(a) is not jurisdictional because "[t]he remaining sentences in section 6213(a) do nothing to 'connect' this 90-day filing period to the jurisdictional grant contained in section 6214."

We do not agree. Hallmark's interpretation is both historically and contextually inaccurate. Hallmark is correct in observing that the origins of section 6214(a) trace back to section 274 of the Revenue Act of 1926, 44 Stat. at 56, though the predecessor is subsection (e) (rather than subsection (a)), which provided:

> (e) The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

To resolve the relationship of section 6213(a) (former section 274(a)) to section 6214(a) (former section 274(e)), we previously considered the history of these statutes in *Estate of Young v. Commissioner*, 81 T.C. 879, 884–86 (1983), and we concluded as follows:

> The origin of this Court lies in the Revenue Act of 1924, which established the Board of Tax Appeals. That act gave the Board jurisdiction to redetermine deficiencies determined by the Commissioner in a statutory notice.

However, it did not give the Board jurisdiction to redetermine a deficiency greater than that determined by the Commissioner in the statutory notice. Such jurisdiction was given to the Board by section 274(e) of the Revenue Act of 1926 [now section 6214(a)] . . . . We think it is clear that section 274(e) [now section 6214(a)] was intended to cure a previous defect in this Court's jurisdiction so that the Commissioner's ultimate determination of a deficiency in such tax and additions to tax as were the proper subjects of a statutory notice could be resolved in one proceeding before this Court without the need for the issuance of an additional notice. . . .

In view of the foregoing, we think that the jurisdiction conferred by section 6214(a) is merely complementary to the jurisdiction conferred by section 6213. . . .

Our conclusion that section 6214(a) does not provide an independent basis for the exercise of jurisdiction . . . is also supported by the fact that section 274(e) of the Revenue Act of 1926 was enacted two years after the Board of Tax Appeals was created. As previously stated, section 900(e) of the Revenue Act of 1924 gave the Board jurisdiction to redetermine a deficiency determined by the Commissioner in a statutory notice. . . . Thus, if section 274(e) of the Revenue Act of 1926 were viewed as providing an independent basis for the exercise of jurisdiction, it would be mere surplusage because such jurisdiction had already been granted by section [274(a)] of the Revenue Act of 1924.

(Citations and footnote omitted.) Former section 274(e) (now section 6214(a)) was enacted to supplement the jurisdictional grant in former section 274(a) (now section 6213(a)) by specifying that the Tax Court, in exercise of its de novo redetermination of a deficiency for a particular year, may redetermine an amount greater than what is asserted in the notice of deficiency. The fundamental grant of deficiency jurisdiction is in section 6213(a).

The courts that have considered our deficiency jurisdiction have been correct in holding that it is derived from section 6213(a), not section 6214.

B.  *Section 6213(a) does not "closely resemble" section 6330(d)(1).*

1.  *In* Boechler *the Supreme Court rejected the analogy of section 6330(d)(1) to section 6213(a).*

Hallmark argues that "the [Supreme] Court's reasoning in *Boechler* compels the conclusion that the 90-day filing deadline in section 6213(a) for deficiency cases is not jurisdictional, and thus is subject to equitable tolling" because "the *Boechler* opinion's analysis of Section 6330(d)(1), a provision that closely resembles section 6213(a), undermines the *Organic Cannabis* interpretation of section 6213(a)." However, just as the Commissioner failed in his argument for a jurisdictional reading of section 6330(d)(1) by way of its supposed similarities to section 6213(a) in *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1500, so Hallmark cannot here succeed in arguing for a non-jurisdictional reading of section 6213(a) based on its supposed similarities to section 6330(d)(1). *Boechler* emphatically teaches that these are different sections. Each must be analyzed in light of its own text, context, and history. Under the "clear statement" rule, the Supreme Court in *Boechler* analyzed the 30-day deadline for a CDP petition under section 6330(d)(1) and held it non-jurisdictional. Under the same rule, we have analyzed in this Opinion the 90-day deadline for a deficiency petition under section 6213(a), and we hold it to be jurisdictional.

2.  *The 30-day deadline of section 6330(d)(1) lacks a history of prior judicial construction of its being jurisdictional and lacks congressional ratification of that construction in reenactments.*

We set out in detail (in Part II.E above and in the attached Appendix) the impressive history—almost a century long—of judicial construction of the 90-day deadline as jurisdictional and of Congress's repeated perpetuation of that construction by its amendments, reenactments, and codifications. No such history can be mustered for the asserted jurisdictional character of the 30-day deadline in section 6330(d)(1) (a provision which has existed in the Code only since 1998, *see* Internal Revenue Service Restructuring and Reform Act of 1998, § 3401(b), 112 Stat. at 749). As the Supreme Court said, "no such 'long line' of authority exists here" in connection with section 6330(d)(1). *Boechler, P.C. v. Commissioner*, 142 S. Ct. at 1500.

IV.    *Conclusion*

Section 6213(a) clearly states that its 90-day deadline is jurisdictional, as indicated by its text, context, and uniform treatment during its long history.  Congress has limited the Tax Court's deficiency jurisdiction to only those cases in which a petition is timely filed, and we do not have authority to extend the deadline in section 6213(a) by equitable tolling.  Late-filed deficiency petitions must therefore be dismissed for lack of jurisdiction.

*An appropriate order will be issued.*

KERRIGAN, FOLEY, GALE, PARIS, MORRISON, BUCH, NEGA, PUGH, ASHFORD, URDA, COPELAND, JONES, TORO, GREAVES, MARSHALL, and WEILER, *JJ.*, agree with this opinion of the Court.

APPENDIX

Chronological listing of
enactments, amendments, and codifications of
statutes creating deficiency procedures,
with intervening opinions of the courts,
and selected legislative history
and Rules of Practice and Procedure of the U.S. Tax Court
(with boldface added for emphasis)

---

**Revenue Act of 1924**, ch. 234, §§ 273(1), 274(a)–(c), 900(e), (k), 43 Stat. 253, 296, 297, 337, 338 (enacting deficiency procedures with a 60–day deadline):

Sec. 273. As used in this title the term "deficiency" means—

(1) The amount by which the tax imposed by this title [i.e., Title II.—Income Tax] exceeds the amount shown as the tax by the taxpayer upon his return . . . .

Sec. 274. (a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title [i.e., Title II.—Income Tax], the taxpayer, except as provided in subdivision (d) [regarding jeopardy assessment and collection], shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. **Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals** established by section 900.

(b) If the Board determines that there is a deficiency, the amount so determined shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the Board shall be assessed, but a proceeding in court may be begun, without assessment, for the collection of any part of the amount so disallowed. . . .

(c) **If the taxpayer does not file an appeal with the Board within the time prescribed in subdivision (a) of this section [i.e., 60 days], the deficiency of which the taxpayer has been notified shall be assessed**, and shall be paid upon notice and demand from the collector.

Sec. 900.

. . . .

(e) The Board and its divisions shall hear and determine appeals filed under sections 274, 279, 308, and 312. . . .

. . . .

(k) . . . The Board shall be an independent agency in the executive branch of the Government.

**Subsequent Caselaw**:

*Appeal of Satovsky*, 1 B.T.A. 22, 24 (1924) ("[I]nasmuch as the Revenue Act of 1924 contains no indication that Congress had any intention of permitting any extension of the 60 days within which to file an appeal, this Board is without power to grant an extension of the time. The language of the Act is inflexible and **upon it depends the jurisdiction of the Board**").

*Appeal of Hatch & Bailey Co.*, 1 B.T.A. 25, 26 (1924) ("The power of the Board to assume jurisdiction in a case such as this [i.e., where the petition is not filed within 60 days] has been fully discussed in the *Appeal of Sam Satovsky,* 1 B.T.A., 22, and, on the authority of that case, the appeal is dismissed").

*Appeal of William Frantze & Co.*, 1 B.T.A. 26, 26 (1924) ("The Commissioner has moved to dismiss the appeal in this case on the ground that it was not filed within 60 days after the mailing of the Commissioner's notice of deficiency and that, therefore, **the Board is without jurisdiction**. . . . This case comes within the rule laid down by this Board in its decisions in the *Appeal of Satovsky*, 1 B.T.A., 22, and the *Appeal of Hatch & Bailey Co.*, 1 B.T.A., 25, and on the authority of those cases the appeal is dismissed").

*Appeal of Hurst, Anthony & Watkins*, 1 B.T.A. 26, 27 (1924) ("[T]he appeal was not filed until the sixty-first day after the notice was mailed. This, therefore, obliges us to dismiss the appeal, upon the authority of the *Appeal of Sam Satovsky*, 1 B.T.A., 22, *Appeal of Hatch & Bailey Co.*, 1 B.T.A., 25, and *Appeal of William Frantze & Co., Inc.*, 1 B.T.A., 26").

*Appeal of Strutwear Knitting Co.*, 1 B.T.A. 41, 41 (1924) ("The petition . . . was not received at the office of the Board of Tax Appeals in Washington until . . . 61 days after the mailing of the deficiency letter. . . . The appeal is dismissed, on the authority of *Appeal of Sam Satovsky*, 1 B.T.A., 22.").

*Appeal of B. B. Davis & Co.*, 1 B.T.A. 587, 587 (1925) ("[T]he decision of this Board in *Satovsky's Appeal*, 1 B. T. A. 22, . . . is controlling on this point.").

*Appeal of Matteson Co.*, 1 B.T.A. 905, 905–06 (1925) ("[A] petition must be deposited in the office of the Board within the time required by law in order to give the Board jurisdiction thereof. . . . The Board has no authority to extend the period provided by statute for the filing of an appeal whatever the equities of a particular case may be and regardless of the cause for its not being filed within the period required. . . . The Board, therefore, is **without jurisdiction to hear and determine the appeal** . . . .").

**Revenue Act of 1926**, ch. 27, §§ 274, 1000, 44 Stat. 9, 55–56, 105–06 (excluding Sunday as the 60th day and enacting the predecessor of section 6214(a)):

Sec. 274. (a) If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title [i.e., Title II.—Income Tax], the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. **Within 60 days after such notice is mailed (not counting Sunday as the sixtieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency**. Except as otherwise provided in subdivision (d) or (f) of this section or in section 279, 282, or 1001, no assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 60-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

(b) If the taxpayer files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board which has become final shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the decision of the Board which has become final shall be assessed or be collected by distraint or by proceeding in court with or without assessment.

(c) **If the taxpayer does not file a petition with the Board within the time prescribed in subdivision (a) of this section [i.e., 60 days], the deficiency, notice of which has been mailed to the taxpayer, shall be assessed**, and shall be paid upon notice and demand from the collector.

. . . .

(e) The Board shall have jurisdiction to redetermine the correct amount of the deficiency even if the amount so redetermined is greater than the amount of the deficiency, notice of which has been mailed to the taxpayer, and to determine whether any penalty, additional amount or addition to the tax should be assessed, if claim therefor is asserted by the Commissioner at or before the hearing or a rehearing.

Sec. 1000. Title IX of the Revenue Act of 1924 is amended to read as follows:

. . . .

"Sec. 900. The Board of Tax Appeals (hereinafter referred to as the 'Board') is hereby continued as an independent agency in the Executive Branch of the Government. . . ."

. . . .

"Sec. 904. **The Board and its divisions shall have such jurisdiction as is conferred on them** by Title II [income tax] and

Title III [estate tax] of the Revenue Act of 1926 or by subsequent laws. . . ."

**Subsequent Caselaw**:

*Lewis-Hall Iron Works v. Blair*, 23 F.2d 972, 974 (D.C. Cir. 1928) (citing *Satovsky*, 1 B.T.A. 22) ("[T]he requirement that such petitions shall be filed within 60 days after the mailing of notice of the deficiency, **is statutory and jurisdictional and is not merely procedural**. Revenue Act of 1926, Sec. 274(a). The Board, therefore, was **without jurisdiction** to hear the petition"), *cert. denied*, 277 U.S. 592 (1928).

---

**Revenue Act of 1928**, ch. 852, § 601, 45 Stat. 791, 871–72 (amending the predecessor of section 7459(d) to provide for dismissals for lack of jurisdiction):

Sec. 601. Board of Tax Appeals—Procedure.

Section[] 906 . . . of the Revenue Act of 1924, as amended, [is] further amended to read as follows:

"Sec. 906. . . .

. . . .

(c) If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Board dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Commissioner. An order specifying such amount shall be entered in the records of the Board unless the Board can not determine such amount from the record in the proceeding, or **unless the dismissal is for lack of jurisdiction**.["]

**Subsequent Caselaw**:

*Chambers v. Lucas*, 41 F.2d 299, 300 (D.C. Cir. 1930) ("The provision of the statute here under consideration [i.e., Revenue Act of 1926 § 274(a)] is in the nature of a limitation upon the right of the taxpayer to avail himself of the right of appeal, and there must be a strict compliance with its provisions").

---

**Revenue Act of 1934**, ch. 277, § 272, 48 Stat. 680, 741 (extending the deadline to 90 days, excluding holidays as the 90th day, and making other changes):

Sec. 272. Procedure in General.

(a) Petition to Board of Tax Appeals.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title [Title I.—Income Tax], the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. **Within 90 days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as**

**the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency**. No assessment of a deficiency in respect of the tax imposed by this title and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3224 of the Revised Statutes the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

. . . .

(b) Collection of Deficiency Found by Board.—If the taxpayer files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board which has become final shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the decision of the Board which has become final shall be assessed or be collected by distraint or by proceeding in court with or without assessment.

(c) Failure to File Petition.—**If the taxpayer does not file a petition with the Board within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed**, and shall be paid upon notice and demand from the collector.

**Legislative History:**

H.R. Rep. No. 73-704, at 34 (1934), *as reprinted in* 1939-1 C.B. (Part 2) 554, 580 ("The present law allows the taxpayer in case of a deficiency a period of 60 days within which to file an appeal with the United States Board of Tax Appeals. Experience has shown this is not sufficient time in case of involved assessments, or in case of taxpayers living a very great distance from Washington. It is believed that lengthening this period to 90 days will not slow up collection of revenue, but will facilitate the closing of cases without the necessity of litigation. Moreover, the additional time allowed may give sufficient time for the Commissioner and the taxpayer to reconcile their differences, and thus eliminate in such cases the necessity for filing a petition before the Board").

S. Rep. No. 73-558, at 42–43 (1934), *as reprinted in* 1939-1 C.B. (Part 2) 586, 619 ("The present law allows the taxpayer in case of a deficiency a period of 60 days within which to file an appeal with the United States Board of Tax Appeals. Experience has shown this is not sufficient time in case of involved assessments, or in case of taxpayers living at a great distance from Washington. In the House bill the period for filing appeals was increased to 90 days. Your committee recommends the adoption of this section of the House bill with a slight change so that a legal holiday in the District of Columbia will not be counted as the ninetieth day").

**Subsequent Caselaw**:

*Poyner v. Commissioner*, 81 F.2d 521, 522 (5th Cir. 1936) ("[I]f the taxpayer does not file such petition with the Board of Tax Appeals within the time prescribed,

that Board is required to assess the deficiency . . . . Those provisions negative the conclusion that the Board of Tax Appeals has the **right or power** to consider a petition for a redetermination of a deficiency where such petition is filed with it after the expiration of the prescribed period").

*Cont'l Petroleum Co. v. United States*, 87 F.2d 91, 94 (10th Cir. 1936) ("The filing of a petition within the fixed time is **essential to the jurisdiction** of the Board of the subject matter. The statute requiring that it be filed within such time has that effect."), *cert. denied*, 300 U.S. 679 (1937).

*Edward Barron Estate Co. v. Commissioner*, 93 F.2d 751, 753 (9th Cir. 1937) ("If the taxpayer filed a petition . . . within the period limited by the act, supra, **then the Board had jurisdiction** to consider the petition. If such petition was not so filed within the time limited by the act, the Board was **without jurisdiction** to consider the matter. The requirement that petitions for redeterminations be filed within a specified period after the mailing of the deficiency notice 'is **statutory and jurisdictional and is not merely procedural**.'" (quoting *Lewis-Hall Iron Works*, 23 F.2d at 974).

---

**Internal Revenue Code of 1939**, ch. 2, §§ 272, 1101, 53 Stat. 1, 82–83, 158 (re-enacting and codifying the deficiency procedures):

Sec. 272. Procedure in General.

(a)(1) Petition to Board of Tax Appeals.—If in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this chapter [Chapter I.—Income Tax], the Commissioner is authorized to send notice of such deficiency to the taxpayer by registered mail. **Within ninety days after such notice is mailed (not counting Sunday or a legal holiday in the District of Columbia as the ninetieth day), the taxpayer may file a petition with the Board of Tax Appeals for a redetermination of the deficiency**. No assessment of a deficiency in respect of the tax imposed by this chapter and no distraint or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such ninety-day period, nor, if a petition has been filed with the Board, until the decision of the Board has become final. Notwithstanding the provisions of section 3653(a) the making of such assessment or the beginning of such proceeding or distraint during the time such prohibition is in force may be enjoined by a proceeding in the proper court. . . .

. . . .

(b) Collection of Deficiency Found by Board.—If the taxpayer files a petition with the Board, the entire amount redetermined as the deficiency by the decision of the Board which has become final shall be assessed and shall be paid upon notice and demand from the collector. No part of the amount determined as a deficiency by the Commissioner but disallowed as such by the decision of the Board which has become final shall be assessed or be collected by distraint or by proceeding in court with or without assessment.

(c) Failure to File Petition.—**If the taxpayer does not file a petition with the Board within the time prescribed in subsection (a) of this section, the deficiency, notice of which has been mailed to the taxpayer, shall be assessed**, and shall be paid upon notice and demand from the collector.

Sec. 1101.  Jurisdiction.

The Board and its divisions shall have such jurisdiction as is conferred on them by chapters 1, 2, 3, and 4 of this title, by Title II and Title III of the Revenue Act of 1926, 44 Stat. 9, or by laws enacted subsequent to February 26, 1926.

**Subsequent Caselaw**:

*Ryan v. Alexander*, 118 F.2d 744, 750 (10th Cir. 1941) ("Filing of the petition for appeal within the 60-day period was **a jurisdictional requirement**"), *cert. denied*, 314 U.S. 622 (1941).

*Stebbins' Estate v. Helvering*, 121 F.2d 892, 893–94 (D.C. Cir. 1941) ("But, as we think, the matter is beyond our control, for it has been decided time and again that **the statutory period is jurisdictional**, and the duty to dismiss on failure to comply is mandatory"), *aff'g* 40 B.T.A. 613 (1939).

---

**Revenue Act of 1942**, ch. 619, §§ 168, 504, 56 Stat. 798, 876, 957 (extending the 90-day period to 150 days for foreign taxpayers and renaming the BTA as the Tax Court of the United States):

Sec. 168.  Period for Filing Petition Extended in Certain Cases.

(a) Period Extended.—Section 272(a)(1) (relating to period for filing petition with Board of Tax Appeals) is amended by inserting at the end thereof the following new sentence: "If the notice is addressed to a person outside the States of the Union and the District of Columbia, the period specified in this paragraph shall be one hundred and fifty days in lieu of ninety days."

Sec. 504.  Change of Name of Board of Tax Appeals.

(a) The Tax Court of the United States.—Effective on the day after the date of enactment of this Act, section 1100 (relating to status of Board of Tax Appeals) is amended by inserting at the end thereof the following new sentence: "The Board shall be known as The Tax Court of the United States and the members thereof shall be known as the presiding judge and the judges of The Tax Court of the United States."

(b) Powers, Tenure, Etc., Unchanged.—**The jurisdiction**, powers, and duties **of The Tax Court of the United States**, its divisions and its officers and employees, and their appointment, including the designation of its officers, and the immunities, tenure of office, powers, duties, rights, and privileges of the presiding judge and judges of The Tax Court of the United States **shall be the same as by existing law provided in the case of the Board of Tax Appeals**.  The Commissioner shall continue to be represented by the same counsel in the same manner before the Court

as he has heretofore been represented in proceedings before the Board of Tax Appeals and the taxpayer shall continue to be represented in accordance with rules of practice prescribed by the Court. . . .

**Subsequent Caselaw**:

*Commissioner v. Rosenheim*, 132 F.2d 677, 679–80 (3d Cir. 1942) ("The sending of the appropriate notice in this case by registered mail and the transferee's petition for a redetermination of the liability within ninety days of the date of the notice supplied the requirements of Section 272(a) so far as **the Board's jurisdiction to hear and determine** the matter was concerned"), *rev'g and remanding on other grounds*, 45 B.T.A. 1018.

---

**International Organizations Immunities Act of 1945**, ch. 652, § 203, 59 Stat. 669, 673 (excluding Saturday as the 90th day):

Sec. 203. Petition to the Tax Court of the United States.

(a) Time for Filing Petition.—The second sentence[] of section[] 272(a)(1) . . . of the Internal Revenue Code [is] amended by striking out the parenthetical expressions appearing therein and inserting in lieu thereof the following: "(not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the ninetieth day)".

**Subsequent Caselaw**:

*Di Prospero v. Commissioner*, 176 F.2d 76, 77 (9th Cir. 1949) ("There is, at this late date, little doubt that **the 90 day requirement is jurisdictional**").

*Cent. Paper Co. v. Commissioner*, 199 F.2d 902, 903 (6th Cir. 1952) ("In support of The Tax Court's ruling, the Commissioner contends that the time limitation for filing the petition is **statutory and jurisdictional**, and that failure on the part of the taxpayer to file such a petition with the Tax Court within the 90-day period provided is **a bar to its consideration**. Such is the **well established rule**, which is not challenged by the taxpayer").

*Mindell v. Commissioner*, 200 F.2d 38, 39 (2d Cir. 1952) ("We agree that the filing of a timely petition for redetermination is jurisdictional").

*Drouin v. Commissioner*, 203 F.2d 953, 953 (3d Cir. 1953) (per curiam) ("This is an appeal by a taxpayer from a decision of the Tax Court which dismissed his case there for want of jurisdiction. The lack of jurisdiction was found in the taxpayer's failure to follow the statute with regard to time for proceedings in the Tax Court. The Tax Court's action was correct").

**Internal Revenue Code of 1954**, ch. 736, §§ 6213, 7442, 68A Stat. 3, 771, 879 (re-enacting and re-codifying the deficiency procedures):

Sec. 6213. Restrictions Applicable to Deficiencies; Petition to Tax Court.

(a) Time for Filing Petition and Restriction on Assessment.—**Within 90 days, or 150 days if the notice is addressed to a person outside the States of the Union and the District of Columbia, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency**. Except as otherwise provided in section 6861 [jeopardy assessments] no assessment of a deficiency in respect of any tax imposed by subtitle A [income tax], or B [estate and gift tax] and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until expiration of such 90–day or 150–day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a) [prohibition of suits to restrain assessment or collection], the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

. . . .

(c) Failure to File Petition.—**If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed**, and shall be paid upon notice and demand from the Secretary or his delegate.

Sec. 7442. Jurisdiction.

**The Tax Court and its divisions shall have such jurisdiction as is conferred on them** by this title [26 U.S.C.], by chapters 1, 2, 3, and 4 of the Internal Revenue Code of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926.

**Subsequent Caselaw**:

*Underwriters, Inc. v. Commissioner*, 215 F.2d 953, 954 (3d Cir. 1954) (per curiam) ("[T]he petition was filed with the Tax Court . . . 91 days [after the notice of deficiency was mailed]. It was, therefore, filed out of time and **conferred no jurisdiction** on the court").

*Worthington v. Commissioner*, 211 F.2d 131, 132 (6th Cir. 1954) (per curiam) ("The Tax Court properly held that it had **no jurisdiction**, for the reason that the required petitions for redetermination to be filed by the taxpayers were not filed within ninety days after the mailing of the notices of deficiency, as provided in section 272(a) of the Internal Revenue Code, 26 U.S.C.A.").

*Galvin v. Commissioner*, 239 F.2d 166, 166 (2d Cir. 1956) (per curiam) ("[T]he court correctly held it had **no jurisdiction** of the petition, since it was not filed within the 90 days").

*Rich v. Commissioner*, 250 F.2d 170, 175 (5th Cir. 1957) (Johnsen, J., concurring in part) (stating, where a prisoner arranged for his petition to be mailed but the prison mail room held it for one month, thereby causing it to be filed late, that "[t]his is a hard case presenting a grossly inequitable situation, but neither the Tax Court nor this Court has any authority to relieve the taxpayer from the clear **jurisdictional requirements** of the law").

*Jorgensen v. Commissioner*, 246 F.2d 536, 537 (9th Cir. 1957) (per curiam) ("[T]he 90-day requirement prescribed by the Tax Court is **jurisdictional**").

*Teel v. Commissioner*, 248 F.2d 749, 750–51 (10th Cir. 1957) ("The courts have generally held that the filing of the petition is jurisdictional, and that a failure to file the petition within the 90 day period is a **bar to consideration** by the Tax Court. . . . The petition not having been filed within 90 days after such notice was mailed, the Tax Court was **without jurisdiction** to consider the same and it was properly dismissed"), *aff'g* 27 T.C. 375 (1956).

*Bloch v. Commissioner*, 254 F.2d 277, 278 (9th Cir. 1958) ("The great weight of authority is to the effect that **the 90–day requirement is jurisdictional**").

*Pfeffer v. Commissioner*, 272 F.2d 383, 384 (2d Cir. 1959) (per curiam) ("[S]ince timely filing is made **jurisdictional**, the Tax Court correctly held that it could not hear the petition").

*Vibro Mfg. Co. v. Commissioner*, 312 F.2d 253, 254 (2d Cir. 1963) (per curiam) ("Section 6213(a) clearly provides that the petition for redetermination of tax deficiency must be filed within 90 days of the date of mailing of the notice of deficiency. . . . The Tax Court's dismissal **for lack of jurisdiction** was therefore appropriate").

*Skolski v. Commissioner*, 351 F.2d 485, 488 (3d Cir. 1965) ("[I]t will be for the Tax Court upon remand to . . . make such finding upon this **jurisdictional** question [i.e., the timeliness of the petition] as the evidence warrants").

*Healy v. Commissioner*, 351 F.2d 602, 603 (9th Cir. 1965) ("The requirement of filing the petition with the Tax Court within 90 days after the certified or registered notice of deficiency is mailed to the correct address of the taxpayer is **jurisdictional**, and no matter how allegedly inequitable the situation, there is no authority 'to relieve the taxpayer from the clear **jurisdictional requirements** of the law'" (citations omitted)).

*Delman v. Commissioner*, 384 F.2d 929, 934 (3d Cir. 1967) ("Taxpayers' petition was out of time and the Tax Court correctly dismissed the petition for this reason." (citations omitted)), *aff'g* T.C. Memo. 1966-59, 25 T.C.M. (CCH) 328, 333 ("[T]he petition was filed late, and for that reason this Court **lacks jurisdiction** to do anything more than dismiss it"), *cert. denied*, 390 U.S. 952 (1968).

*DeWelles v. United States*, 378 F.2d 37, 39 (9th Cir. 1967) ("If . . . the notice [of deficiency] is properly sent, the taxpayer is bound to petition the Tax Court within 90 days, and even a showing that he did not receive the notice at the

last known address will not excuse the taxpayer.  If the taxpayer does not act in time **no court may entertain his suit** to restrain the assessment" (citations omitted)).

---

**Tax Reform Act of 1969**, Pub. L. No. 91-172, § 951, 83 Stat. 487, 730 (establishment of the U.S. Tax Court):

Sec. 951. Status of the Tax Court.

Section 7441 (relating to the status of the Tax Court) is amended to read as follows:

> "SEC. 7441.  STATUS.
>
> "There is hereby established, under article I of the Constitution of the United States, a court of record to be known as the United States Tax Court.  The members of the Tax Court shall be the chief judge and the judges of the Tax Court."

**Legislative History:**

S. Rep. No. 91-552, at 302 (1969), *as reprinted in* 1969-3 C.B. 423, 614 ("Since the Tax Court has only judicial duties, the committee believes it is anomalous to continue to classify it with quasi-judicial executive agencies that have rulemaking and investigatory functions.  The status of the Tax Court and the respect accorded to its decisions are high among those familiar with its work.  However, its constitutional status as an executive agency, no matter how independent, raises questions in the minds of some as to whether it is appropriate for one executive agency to be sitting in judgment on the determinations of another executive agency").

**Subsequent Rule**:

RULES OF PRACTICE AND PROCEDURE OF THE UNITED STATES TAX COURT, 60 T.C. 1057, 1072 (1973):

RULE 13.  JURISDICTION

> (a) Notice of Deficiency or of Transferee or Fiduciary Liability Required: In a case commenced in the Court by a taxpayer, the jurisdiction of the Court depends upon the issuance by the Commissioner of a notice of deficiency in income, gift, or estate tax or in the taxes imposed on private foundations under Code Sections 4940 through 4945.  In a case commenced in the Court by a transferee or fiduciary, the jurisdiction of the Court depends upon the issuance by

the Commissioner of a notice of liability to the transferee or fiduciary. See Code Sections 6212, 6213, 6901.

(b) Timely Petition Required: **In all cases, the jurisdiction of the Court also depends on the timely filing of a petition**. See Code Sections 6213, 7502.

*Note*

There is no counterpart to this rule in the present T.C. Rules. **Pars. (a) and (b) concern the two fundamental requirements for the Court's jurisdiction, [1] the issuance of a notice of deficiency or a notice of liability, and [2] the filing of a timely petition with the Court**. Their basic importance requires expression in the rules for the guidance of parties and practitioners.

**Subsequent Caselaw**:

*Foster v. Commissioner*, 445 F.2d 799, 800 (10th Cir. 1971) ("In Teel v. Commissioner of Internal Revenue, 248 F.2d 749 (10th Cir. 1957), we held that the filing of the petition is jurisdictional and that a failure to file the petition within the ninety (90) day period is a bar to consideration by the Tax Court").

*DiViaio v. Commissioner*, 539 F.2d 231, 234 (D.C. Cir. 1976) ("As this court stated in *Stebbins' Estate v. Helvering*, 74 U.S.App.D.C. 21, 121 F.2d 892, 893 (1941), 'it has been decided time and time again that **the statutory period is jurisdictional**, and the duty to dismiss on failure to comply is mandatory'").

*Andrews v. Commissioner*, 563 F.2d 365, 366 (8th Cir. 1977) ("The law is clear that the Tax Court **does not have jurisdiction** over an untimely petition").

*Shipley v. Commissioner*, 572 F.2d 212, 213 (9th Cir. 1977) ("Timely filing of the petition is **jurisdictional**"), *aff'g* T.C. Memo. 1976-383.

*Johnson v. Commissioner*, 611 F.2d 1015, 1018 (5th Cir. 1980) ("It cannot now be seriously questioned that the timely filing of the petition for redetermination is **jurisdictional**"), *rev'g* T.C. Memo. 1977-382.

*Tadros v. Commissioner*, 763 F.2d 89, 91 (2d Cir. 1985) ("Since the 90-day period of § 6213(a) is a **jurisdictional requirement**, failure to file within that time period requires dismissal of the petition" (citations omitted)).

*Pugsley v. Commissioner*, 749 F.2d 691, 692 (11th Cir. 1985) ("[T]imely filing of such a petition is a **jurisdictional prerequisite** for a suit in the tax court").

**Tax Reform Act of 1986**, Pub. L. No. 99-514, § 2, 100 Stat. 2085, 2095 (re-enacting and re-codifying the deficiency procedures):

Sec. 2. Internal Revenue Code of 1986.

(a) Redesignation of 1954 Code.—The Internal Revenue Title enacted August 16, 1954, as heretofore, hereby, or hereafter amended, may be cited as the "Internal Revenue Code of 1986".

(b) References in Laws, etc.—Except when inappropriate, any reference in any law, Executive order, or other document—

(1) to the Internal Revenue Code of 1954 shall include a reference to the Internal Revenue Code of 1986, and

(2) to the Internal Revenue Code of 1986 shall include a reference to the provisions of law formerly known as the Internal Revenue Code of 1954.

**26 U.S.C. §§ 6213, 7442 (1986)**:

Sec. 6213. Restrictions Applicable to Deficiencies; Petition to Tax Court.

(a) Time for Filing Petition and Restriction on Assessment.—**Within 90 days, or 150 days if the notice is addressed to a person outside the United States, after the notice of deficiency authorized in section 6212 is mailed (not counting Saturday, Sunday, or a legal holiday in the District of Columbia as the last day), the taxpayer may file a petition with the Tax Court for a redetermination of the deficiency**. Except as otherwise provided in section 6851 [termination assessments], 6852, or 6861 [jeopardy assessments] no assessment of a deficiency in respect of any tax imposed by subtitle A [income tax], or B [estate and gift tax], chapter 41, 42, 43, 44, or 45 and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. Notwithstanding the provisions of section 7421(a) [prohibition of suits to restrain assessment or collection], the making of such assessment or the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceeding in the proper court.

. . . .

(c) Failure to File Petition.—**If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed**, and shall be paid upon notice and demand from the Secretary.

Sec. 7442. Jurisdiction.

The Tax Court and its divisions shall have such jurisdiction as is conferred on them by this title [26 U.S.C.], by chapters 1, 2, 3, and 4 of the Internal Revenue Code

of 1939, by title II and title III of the Revenue Act of 1926 (44 Stat. 10–87), or by laws enacted subsequent to February 26, 1926.

**Subsequent Caselaw**:

*Scar v. Commissioner*, 814 F.2d 1363, 1366 (9th Cir. 1987) ("The Tax Court has jurisdiction only when the Commissioner issues a valid deficiency notice, and the taxpayer files a timely petition for redetermination"), *rev'g* 81 T.C. 855 (1983).

*Keado v. United States*, 853 F.2d 1209, 1212 (5th Cir. 1988) ("If the taxpayer fails to file a Tax Court petition during this ninety day period, the Tax Court **lacks jurisdiction** to consider the deficiency").

*Mulder v. Commissioner*, 855 F.2d 208, 211 (5th Cir. 1988) ("[T]he taxpayer must file a petition within 90 days of this mailing [of the notice of deficiency]. Otherwise, the Tax Court **lacks jurisdiction**"), *rev'g* T.C. Memo. 1987-363.

*Hoffenberg v. Commissioner*, 905 F.2d 665, 666 (2d Cir. 1990) (per curiam) ("A late petition will be dismissed for **lack of jurisdiction**"), *aff'g* T.C. Memo. 1989-676 ("[T]he petition will have to be dismissed for **lack of jurisdiction**").

*Ward v. Commissioner*, 907 F.2d 517, 521 (5th Cir. 1990) ("In order for the Tax Court to have **jurisdiction** over a petition for redetermination, the taxpayer must file the petition within 90 days after 'the notice of deficiency authorized in § 6212 is mailed.' 26 U.S.C. § 6213"), *rev'g* 92 T.C. 949 (1989).

*Sealy Power, Ltd. v. Commissioner*, 46 F.3d 382, 387 (5th Cir. 1995) ("Sections 6212(a) and 6213(a) of the Internal Revenue Code provide that the Tax Court only **has jurisdiction** when the Commissioner issues a valid deficiency notice and the taxpayer files a petition for redetermination"), *aff'g in part, rev'g in part* T.C. Memo. 1992-168.

*Patmon & Young Pro. Corp. v. Commissioner*, 55 F.3d 216, 217 (6th Cir. 1995) ("In order to invoke the **jurisdiction** of the Tax Court, a taxpayer must file a petition within 90 days after the mailing of the notice of deficiency"), *aff'g* T.C. Memo. 1993-143.

*Correia v. Commissioner*, 58 F.3d 468, 469 (9th Cir. 1995) (per curiam) ("The timely filing of a petition for redetermination is a **jurisdictional requirement**").

---

**Internal Revenue Service Restructuring and Reform Act of 1998**, Pub. L. No. 105-206, § 3463, 112 Stat. 685, 767 (adding a sentence to section 6213(a)):

Sec. 3463. Notice of Deficiency to Specify Deadlines for Filing Tax Court Petition.

    (a) In General.—The Secretary of the Treasury or the Secretary's delegate shall include on each notice of deficiency under section 6212 of the Internal Revenue Code

of 1986 the date determined by such Secretary (or delegate) as the last day on which the taxpayer may file a petition with the Tax Court.

(b) Later Filing Deadlines Specified on Notice of Deficiency to be Binding.— Subsection (a) of section 6213 (relating to restrictions applicable to deficiencies; petition to Tax Court) is amended by adding at the end the following new sentence: "Any petition filed with the Tax Court on or before the last date specified for filing such petition by the Secretary in the notice of deficiency shall be treated as timely filed."

**Legislative History:**

H.R. Rep. No. 105-599, at 289 (1998) (Conf. Rep.), *as reprinted in* 1998-3 C.B. 747, 1043 ("Taxpayers must file a petition with the Tax Court within 90 days after the deficiency notice is mailed (150 days if the person is outside the United States) (sec. 6213). **If the petition is not filed within that time period, the Tax Court does not have jurisdiction to consider the petition**").

H.R. Rep. No. 105-364, pt. 1, at 71 (1997), *as reprinted in* 1998-3 C.B. 373, 443 (identical language).

**Subsequent Caselaw**:

*Rochelle v. Commissioner*, 293 F.3d 740, 741 (5th Cir. 2002) (per curiam) ("[T]he Commissioner moved to dismiss the case for **lack of jurisdiction** . . . on the basis that the petition was not filed within the ninety-day period prescribed by I.R.C. § 6213(a) (1994). The Tax Court, in a reviewed opinion, granted the Commissioner's motion to dismiss and denied the taxpayer's motion. We agree with the Tax Court for the reasons set out in Judge Vasquez's excellent opinion (concurred in by nine other judges), which we adopt" (citations omitted)), *aff'g* 116 T.C. 356, 364 (2001) ("[The taxpayer] failed to file a timely petition with this Court. Accordingly, . . . [the Commissioner's] motion to dismiss for lack of jurisdiction will be granted").

*Elings v. Commissioner*, 324 F.3d 1110, 1112 (9th Cir. 2003) ("The tax court **has jurisdiction only if** two requirements are met: (1) the IRS issued a valid notice of deficiency, and (2) the petitioner filed a timely petition").

*Edwards v. Commissioner*, 791 F.3d 1, 4 (D.C. Cir. 2015) ("The tax court also **lacks jurisdiction** if the taxpayer's petition is not timely filed").

*Tilden v. Commissioner*, 846 F.3d 882, 887 (7th Cir. 2017) ("[W]e . . . treat the statutory filing deadline as a **jurisdictional** one"), *rev'g and remanding* T.C. Memo. 2015-188.

*Organic Cannabis Found., LLC v. Commissioner*, 962 F.3d 1082, 1092 (9th Cir. 2020) ("[W]e agree with the Tax Court that § 6213(a)'s time limits are **jurisdictional**"), *cert. denied*, 141 S. Ct. 2596 (2021), *and cert. denied sub. nom. N. Cal. Small Bus. Assistants, Inc. v. Commissioner*, 1415 S. Ct. 2598 (2021).